**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

CARLOS A GARCIA-PEREZ, ET ALS.
    Plaintiff(s)

v.                                                                  CIVIL NO. 97-1703 (JAG)

ALVARO SANTAELLA, MD, ET ALS.
    Defendant(s)

| MOTION | ORDER |
|---|---|
| **Date Filed:** 7/16/2002<br>**Title:** Motion to Reconsider<br>**Docket(s):** 176<br><br>X Plaintiffs<br>☐ Third Party<br>☐ Defendant(s)<br>☐ Other | **DENIED.**<br>Pursuant to Fed.R.Civ.P. 59(e), a party may move the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colon v. Fraticelli, 181 F.Supp.2d 48, 50 (D.P.R. 2002). Rule 59(e), however, is "aimed at *re*consideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc. 37 F.3d 25, 29 (1st Cir. 1994).<br>In their motion for reconsideration, plaintiffs contend that the Court should find they satisfy the two-part change of domicile test because they worked and resided in Florida for almost five years. (Docket No. 176 at 11). Nonetheless, it is well established that diversity of citizenship as a jurisdictional ground is determined at the time of suit. See Valentin v. Hospital Bella Vista, 254 F.3d 358 (1st Cir. 2001). The critical date in this respect is May 5, 1997, the date plaintiffs filed the instant suit.<br>Furthermore, plaintiffs have offered no new evidence to disturb the Court's determination that plaintiffs were still domiciled in Puerto Rico on that date. The Court properly considered the totality of the evidence, carefully read the deposition testimony provided, and weighed the divergent factors to make its determination. It will therefore stand by its Opinion and Order (Docket No. 173). |

**Date:** March 20, 2003

JAY A. GARCIA-GREGORY
U.S. District Judge