**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **CARLOS A. GARCIA-PEREZ ET AL**<br>    **Plaintiffs**<br><br>   **v.**<br><br>**ALVARO SANTAELLA, M.D., ET AL**<br>    **Defendants** | **Civil No. 97-1703(JAG)** |

### MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs filed this lawsuit on May 5, 1997, alleging medical malpractice pursuant Article 1802, 31 P.R. Laws Ann.§ 5141 **(Docket No. 1)**. Thereafter, defendant Ashford Presbyterian Community Hospital filed a Third Party Complaint against numerous individuals including Dr. Alberto De La Vega **(Docket No. 38)**. Dr. De La Vega now moves to dismiss the Third Party Complaint **(Docket No. 83)**. Ashford Presbyterian Community Hospital opposes the motion **(Docket No. 90)**. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See García- Pérez v. Santaella*, 364 F.3d 348 (1st Cir. 2004).

Based upon the following analysis, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED**.

**I.    Procedural Background**

The basic allegations of the complaint against Ashford Presbyterian Community Hospital (hereafter "Ashford Hospital") are that it provided negligent emergency medical attention to quadruplet girls immediately following their birth on May 6, 1996. One of the baby girls survived and she was subsequently taken to Miami Children's Hospital on June 21, 1996. Plaintiffs Carlos A. García-Pérez and Gisela M. Baerga-Torres are the parents of the children.

Civil No. 97-1703(JAG) Page No. 2

The Third Party Complaint alleges that Dr. Alberto De La Vega (hereafter "Dr. De La Vega") is an obstetrician and perinatologist who provided prenatal, intra-partum and post-partum care and treatment to the mother, Gisela M. Baerga-Torres (hereafter "Baerga"). The Third Party Complaint further alleges that Dr. De La Vega was instrumental in having the plaintiffs decide to have their quadruplets delivered at Ashford Hospital. It also states that, "we must assume, therefore, that De. De La Vega believed that appropriate medico-hospital care and treatment could and would be provided to said quadruplets when they were born" (**Docket No. 38**, para. 3).

Finally, the Third Party Complaint seeks contribution from Dr. De La Vega as follows: "Should plaintiffs' allegations be established by competent evidence during trial, the above mentioned third party defendants would be liable to Ashford Presbyterian Community Hospital for the totality or part of the damages claimed by plaintiffs, as a matter of law since, both the quadruplets and their mothers, in this case were patients under the care of the above mentioned third party defendants at the time of the incidents alleged in the complaint. As a result of their actions, those physicians are solely and severally liable for the negligence they have incurred, if any, in the care and medical treatment rendered to the quadruplets and to Mrs. Baerga Torres in this action" (**Docket No. 38**, para. 4).

**II.   Analysis**

Dr. De La Vega moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the Third Party Complaint fails to state a claim upon which relief can be granted. He asks the Court to dismiss, with prejudice, the allegations brought against him in the Third Party

Civil No. 97-1703(JAG) Page No. 3

Complaint. Of course, Ashford Medical argues that dismissal of the Third Party Complaint is inappropriate.

### A.   Standard for Dismissal

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002) (citation omitted). The Court accepts the factual allegations in the complaint as true and draws all reasonable inferences from those alleged facts in favor of the pleader. *Gorski v. New Hampshire Dep't of Corr.,* 290 F.3d 466, 473 (1st Cir. 2002) (quoting *Hison v. King & Spalding,* 467 U.S. 69, 73 (1984)). The Court limits its inquiry to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. *See In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003); *Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."); *see also Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint, documents either attached to or incorporated into the complaint, and matters of which the court may take judicial notice). Indeed, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González-Pérez v. Hospital Interamericano de Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004) (citations omitted). Therefore, a complaint need only include "a short plain statement of the claim showing that

Civil No. 97-1703(JAG) Page No. 4

the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Dr. De La Vega refers to documents outside the pleadings in support of his motion to dismiss. In ruling upon a motion to dismiss the court must ordinarily ignore matters outside the pleadings. *See, e.g., Maldonado v. Domínguez,* 137 F.3d 1, 6 (1st Cir. 1998) (in order to avoid conversion of a Rule 12(b)(6) motion into a Rule 56 motion, district court must ignore matters outside the pleadings); *Rodríguez v. Fullerton Tires Corp.,* 115 F.3d 81, 83 (1st Cir.1997); *Vega-Rodríguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 177 (1st Cir. 1997). The matters referred to and relied upon by Dr. De La Vega which are outside the pleadings will not be considered and are specifically excluded by the undersigned. What will be determined is whether the allegations in the Third Party Complaint survive the pending motion to dismiss.

B. **Medical Malpractice**

In order to establish a prima facie case of medical malpractice, a plaintiff must prove or establish, and/or "adduce evidence showing at least three separate things"; (i) the duty owed, conveyed as the minimum standard of professional knowledge and skill required under the relevant circumstances; (ii) an act or omission, attributed to defendant, transgressing that duty, and; (iii) a sufficient causal nexus between the breach and the claimed harm. *Cortés-Irizarry v. Corporación Insular de Seguros,* 111 F.3d 184, 189 (1st Cir. 1997); *Torres-Nieves v. Hospital Metropolitano,* 998 F.Supp. 127, 136 (D.P.R. 1998). *See also, Muñiz v. Rovira,* 373 F.3d 1, 5 (1st Cir. 2004)*; Lama v. Borras,* 16 F.3d 473, 478 (1st Cir. 1994).

Civil No. 97-1703(JAG) Page No. 5

"In determining a physician's duty of care, Puerto Rico law has established a universal standard" and it "holds health care professionals to a national standard of care." *Cortés-Irizarry,* 111 F.3d at 190; *see also, Torres-Nieves v. Hospital Metropolitano,* 998 F.Supp. at 136; *Oliveros v. Abreu,* 101 P.R. Dec. 209, 226-27 (1973). "[D]octors are required to provide '[t]hat [level of care] which, recognizing the modern means of communication and education, . . . meets the professional requirements generally acknowledged by the medical profession." *Irizarry v. Corporación Insular de Seguros,* 928 F.Supp. 141, 144 (D.P.R. 1996); *see also, Oliveros v. Abreu,* 101 P.R. Dec. 209, 226 (1973).

Additionally, under Puerto Rican law a presumption exists whereas "treating physicians have observed a reasonable degree of care, . . . in the process of giving medical attention and treatment." *Rolón-Alvarado v. Municipality of San Juan,* 1 F.3d 74, 77-78 (1st Cir. 1993), (quoting *Del Valle-Rivera v. United States,* 630 F.Supp. 750, 756 (D.P.R. 1986)). Accordingly, a plaintiff "bears the burden of refuting this presumption." *Id.* Because a plaintiff must first establish the physician's duty, due to the fact that medical knowledge and training are critical to demonstrate the parameters of a health-care provider's responsibilities, the minimum standard of acceptable care is almost a matter of informed opinion. *Rolón-Alvarado,* 1 F.3d at 78. Hence, "it must ordinarily be established by expert testimony." *Id.* Consequently, a plaintiff claiming an established breach of a physician's duty of care, ordinarily must adduce expert testimony to limn the minimum acceptable standard, and confirm the defendant doctor's failure to meet it. *Cortés-Irizarry,* 111 F.3d at 190.

Dr. De La Varga sets forth a number of reasons arguing why the allegations in the Third Party Complaint do not rise to a level sufficient to

Civil No. 97-1703(JAG)                                                                                        Page No. 6

allege medical malpractice. Specifically, he contends that the complaint does not allege his negligence nor does the third party complaint elaborate any pertinent facts of legal theory regarding his alleged improper medical conduct. Further, Dr. De La Vega argues that the third party complaint is defective because it does not allege the manner in which he should be found responsible to the third party plaintiffs or the original plaintiffs. He contends that if there had been a legal liability theory against him the plaintiffs would have included him in the original complaint. Accordingly, Dr. De La Vega asks the Court to dismiss, with prejudice, the third party complaint brought against him.

    Ashford Hospital refers the Court to plaintiffs' complaint which alleges that Ashford Hospital, it officers, directors, medical staff, nursing staff and employees were negligent in that they falsely represented that Ashford Hospital had a fully equipped neonatal care unit and adequate personnel to handle such neonatal cases (**Docket No. 90**, citing plaintiffs' Complaint para. 3.12). Ashford Hospital contends that the Third Party Complaint adequately states a cause of action in its allegations that Dr. De La Vega determined that Ashford Hospital was fully equipped and adequately staffed to handle the delivery and subsequent care to the premature quadruplets. Ashford Hospital argues that the averments in the third party complaint and the original complaint calls to infer that Dr. De La Vega violated the minimum standard of care in recommending to the plaintiffs the neonatal intensive care unit at Ashford Hospital. It also asserts there is a causal relation between plaintiffs' damages and the decision to have the delivery at said hospital, and that the decision was based on the advice provided to plaintiffs by Dr. De La Vega.

While the third party complaint is not the most artfully pled, the allegations contained in same are sufficient to state a claim. The case law is quite clear in that all that is required in order to state a claim is that relief is possible under any set of facts that could be established consistent with the allegations. In regards to the issue at hand, the allegations in the complaint are quite simply that Ashford Hospital was not equipped to handle the births and subsequent care of quadruplets. And with regard to Dr. De La Vega the allegations in the Third Party Complaint are that Dr. De La Vega, as the physician rendering care and treatment to the birth mother, recommended that she utilize the facilities at Ashford Hospital indicating they were appropriate for multiple births.

After reading the pleadings it is apparent that the allegations against Dr. De La Vega are that he owed a duty to refer the birth mother to an appropriate facility able to handle multiple births, the duty was breached when the birth mother was referred to a facility that was ill equipped to handle such births and, as a result, damages were sustained as a result of such breach of duty.

Dr. De La Vega argues that he acted and proceeded in accordance with the law and the high standards of the medical profession. Those issues are not to be decided at this stage. They are more appropriately raised at the summary judgment level. Accordingly, Dr. De La Vega's remedy in that regard is to seek summary judgment pursuant to Fed.R.Civ.P. 56.

Based on the foregoing, it is **RECOMMENDED** that the Motion to Dismiss be **DENIED**.

### III. Conclusion

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss of Third Party Defendant Dr. Alberto De La Vega be **DENIED** (Docket No. 83).

Civil No. 97-1703(JAG)                                                                                                                       Page No. 8

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, on this 10th day of September, 2004.

                                                         **S/AIDA M. DELGADO-COLON**
                                                         **U.S. Magistrate-Judge**