Complaint09-10.mf

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. GARCIA-PEREZ, GISELA M. BAERGA-TORRES, personally and on behalf of the CONJUGAL PARTNERSHIP constituted between them and in representation of their minor daughter, CARLA ISABEL GARCIA-BAERGA; The Estate of MARIA GENESIS GARCIA-BAERGA represented by its sole heirs CARLOS A. GARCIA-PEREZ AND GISELA M. BAERGA-TORRES, The Estate of ANA CAROLINA GARCIA-BAERGA represented by its sole heirs CARLOS A. GARCIA-PEREZ and GISELA M. BAERGA-TORRES, and the Estate of ADRIANA MARIA GARCIA-BAERGA represented by its sole heirs CARLOS A. GARCIA-PEREZ and GISELA M. BAERGA-TORRES, <br><br> Plaintiffs, <br><br> v. <br><br> ALVARO SANTAELLA, M.D., his wife María I. Santé-Pérez, and the CONJUGAL PARTNERSHIP constituted between them; ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL, ADEL VARGAS RODRIGUEZ, M.D.; MARIA T. CASADO, M.D.; IVAN TERON MENDEZ, M.D.; AMAURY VELEZ TORRES, M.D.; MILDRED QUIÑONES PARDO, M.D.; ALBERTO DE LA VEGA, M.D.; AMERICAN INTERNATIONAL INSURANCE COMPANY; PHICO INSURANCE COMPANY; GUARANTY ASSOCIATION OF MISCELLANEOUS INSURANCE OF PUERTO RICO; SIMED INSURANCE COMPANY, <br><br> Defendants. | CIVIL NO. 97-1703 (DRD) <br><br> **PLAINTIFFS DEMAND TRIAL BY JURY** |

## AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW the plaintiffs, Carlos A. García-Pérez, his wife Gisela M. Baerga-Torres, personally and on behalf of the Conjugal Partnership constituted between them and in representation of their minor daughter, Carla Isabel García-Baerga; The Estate of María Génesis García Baerga represented by its sole heirs, Carlos A. García Pérez and Gisela M. Baerga-Torres; the Estate of Ana Carolina García-Baerga, represented by its sole heirs Carlos A. García-

1

Complaint09-10.mf

Pérez and Gisela M. Baerga-Torres, and the Estate of Adriana María García-Baerga, represented by its sole heirs Carlos A. García-Pérez and Gisela M. Baerga-Torres, by their undersigned attorneys, and respectfully to this Honorable Court state, allege and pray as follows:

## I.    INTRODUCTION

This action alleges negligence in the delivery, care and treatment of plaintiff quadruplets, resulting in the death of three and permanent injuries to the fourth. This action was initiated on May 5, 1997, against the defendants Ashford Presbyterian Community Hospital, Dr. Santaella, and numerous Jane Doe defendants, including Dr. Santaella's wife, and the respective Insurance Companies. Plaintiffs are now amending the complaint to include the names of the Jane Doe defendants. Also, on October 25, 1999, the defendant Ashford Presbyterian Community Hospital filed a Third Party Complaint against the other doctors that provided medical care to the plaintiff quadruplets, including Dr. Vargas, Dr. Casado, Dr. Teron, Dr. Velez, and Dr. Quinones. The third-party complaint also included Dr. de la Vega, the obstetrician who provided care to the plaintiff mother, Gisela Baerga Torres. The original complaint is hereby amended to include the third party defendants that are already before this Court and are also responsible to plaintiffs. Jurisdiction is not in dispute since the third-party defendants have been a part of this action since 1999.

## II. PARTIES

1.    Plaintiffs are all citizens of the United States of America and residents of the State

Complaint09-10.mf

      of Florida at the time this suit was commenced.

2. Defendant Alvaro Santaella-Jiménez, M.D. is a citizen of the United States of America and resident of the Commonwealth of Puerto Rico ("Santaella") and was responsible for the medical care and treatment of the minor plaintiffs.

3. Defendant María I. Santé-Pérez ("Santé) is Santaella's wife, and is a citizen of the United States of America and resident of the Commonwealth of Puerto Rico.

4. The defendant Conjugal Partnership, constituted between Santaella and his wife Santé, is an artificial entity created by the laws of the Commonwealth of Puerto Rico and, in the absence of a pre-nuptial agreement, is responsible for the debts of either of its partners.

5. Defendant Adel Vargas Rodríguez, M.D. ("Dr. Vargas") is a resident of Puerto Rico and was responsible for the medical care and treatment of the minor plaintiffs.

6. Defendant María T. Casado García, M.D. ("Dr. Casado") is a resident of Puerto Rico and was responsible for the medical care and treatment of the minor plaintiffs.

7. Defendant Iván Terón Méndez, M.D. ("Dr. Terón") is a resident of Puerto Rico and was responsible for the medical care and treatment of the minor plaintiffs.

8. Defendant Amaury Vélez Torres, M.D. ("Dr. Vélez") is a resident of Puerto Rico and was responsible for the medical care and treatment of the minor plaintiffs.

Complaint09-10.mf

9. Defendant Mildred Quiñones Pardo ("Dr. Quiñones") is a resident of Puerto Rico and was responsible for the medical care and treatment of the minor plaintiffs.

10. Defendant Alberto de la Vega, M.D. ("Dr. de la Vega") is a resident of Puerto Rico and was responsible for the pre-natal, intra-partum and post-partum care and treatment of plaintiff Gisela Baerga Torres.

11. The defendant Ashford Presbyterian Community Hospital ("Hospital") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico or of a state, territory and commonwealth other than the State of Florida, with its principal place of doing business in the Commonwealth of Puerto Rico.

12. Defendant American International Insurance Company ("AIICO") is a corporation organized and existing under the laws of Puerto Rico or of a state or territory other than the state of Florida, with its principal place of doing business in Puerto Rico. AIICO is the professional liability insurer of the defendant Hospital. Pursuant to Article 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A., § 2003, a direct action may be brought against the casualty or liability insurer of a defendant and said insurer shall be liable subject only to the exclusions and limitations of the policy.

13. Defendant Sindicato de Aseguradoras Para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria ("SIMED") is a corporation

Complaint09-10.mf

        organized and existing under the laws of Puerto Rico or of a state or territory other than the state of Florida, with its principal place of business in Puerto Rico. SIMED is the professional liability insurer of defendants Dr. Santaella, Dr. Vargas, Dr. Terón, Dr. Vélez, Dr. Quiñones, and Dr. de la Vega. Pursuant to Article 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A., § 2003, a direct action may be brought against the casualty or liability insurer of a defendant and said insurer shall be liable subject only to the exclusions and limitations of the policy.

14. PHICO Insurance Company ("PHICO") is a corporation organized and existing under the laws of Puerto Rico or of a state or territory other than the state of Florida, with its principal place of doing business in Puerto Rico. PHICO is the professional liability insurer of the defendant Dr. Casado. Pursuant to Article 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A., § 2003, a direct action may be brought against the casualty or liability insurer of a defendant and said insurer shall be liable subject only to the exclusions and limitations of the policy.

15. Defendant Guaranty Association of Miscellaneous Insurance of Puerto Rico ("Guaranty") is a corporation organized and existing under the laws of Puerto Rico or of a state of Florida, with its principal place of doing business in Puerto Rico. Defendant PHICO went into a dissolution proceeding in the state of Pennsylvania and was substituted by defendant Guaranty. Pursuant to Article

Complaint09-10.mf

20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A., § 2003, a direct action may be brought against the casualty or liability insurer of a defendant and said insurer shall be liable subject only to the exclusions and limitations of the policy.

### III. JURISDICTION AND VENUE

16. This Court has jurisdiction over the parties and the subject matter of this litigation under and pursuant to Section 1332 of Title 28 of the United States Code, 28 U.S.C. § 1332, inasmuch as there is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy, exclusive of costs and interest, exceeds the amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

17. Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. § 1391 because the claims asserted arose in this judicial district.

18. The plaintiffs request a jury trial for all triable issues.

### IV. THE FACTS

19. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs 1 through 18, inclusive, with the same force and effect as if set forth at length herein.

20. Defendant Dr. de la Vega is an obstetrician and was responsible for the pre-natal, intra-partum and post-partum care of plaintiff Baerga Torres during her pregnancy

Complaint09-10.mf

with the four minor plaintiffs, or the quadruplets.

21. Pursuant to Dr. de la Vega's instructions and under his care, Baerga-Torres was admitted to the Hospital approximately one month prior to the delivery of the quadruplets. Dr. de la Vega owed a duty to Baerga-Torres to refer, or transfer her, to a facility capable of handling multiple births. Dr. de la Vega breached this duty because the Hospital was ill equipped to handle the delivery and neonatal care of the quadruplets, and as a result, damages were sustained.

22. Dr. de la Vega also had a duty of care, along with the Hospital, to notify the Hospital's Neonatal Intensive Care Unit ("NICU") or the Neonatology Department of the impending delivery of the quadruplets in order that preparations could be undertaken. Both Dr. de la Vega and the Hospital breached this duty of care, and deviated from the applicable standard of care, by failing to do so, and as a result, damages were sustained.

23. On May 6, 1996, plaintiff Baerga-Torres gave birth at defendant Hospital to quadruplets which were named Carla Isabel, María Génesis, Ana Carolina, and Adriana María García-Baerga.

24. At all pertinent times defendant Dr. Santaella was under contract with the Hospital to manage its Department of Neonatology and its Neonatal Intensive Care Unit ("NICU") and provide neonatal care at the Hospital. Dr. Santaella hired Dr. Casado, Dr. Quiñones, Dr. Vargas, Dr. Terón, and Dr. Vélez to provide

Complaint09-10.mf

neonatal care at the Hospital (hereinafter collectively referred to, including Dr. Santaella, as the "defendant Doctors").

25. Dr. Santaella, as the direct employer of Dr. Casado, Dr. Quiñones, Dr. Vélez, Dr. Terón, and Dr. Vélez, and head of the NICU and Department of Neonatology, had supervisory responsibility for the medical treatment provided by these doctors.

26. The Hospital, as the direct employer of Dr. Santaella, had supervisory responsibility for the medical services provided by Dr. Santaella and his team of doctors at the Hospital.

27. On May 8, 1996, María Génesis died at the Hospital. Adriana Marie remained at the Hospital until her death on May 13, 1996. Ana Carolina remained at the Hospital until her death on May 21, 1996. Carla Isabel remained at the Hospital until her transfer to Miami Children's Hospital on June 21, 1996.

28. All four minor plaintiffs were under the medical care and treatment of the defendant Doctors and the Hospital until their death or transfer.

29. The defendant Doctors provided negligent medical care and treatment to the four minor plaintiffs, resulting in their deaths or permanent injuries. The care and treatment provided deviated from the applicable standard of care.

30. Defendant Ashford Presbyterian Community Hospital, through its agents and/or employees, provided negligent hospital care to the four minor plaintiffs resulting in their deaths or permanent injuries. The care and treatment provided deviated

Complaint09-10.mf

from the applicable standard of care.

31. Due to the defendants' negligence, plaintiff Carlos A. García-Pérez, has suffered and continues to suffer great pain and mental anguish.

32. Due to the defendants' negligence, plaintiff Gisela M. Baerga-Torres has suffered and continues to suffer great pain and mental anguish.

33. Plaintiff, the Conjugal Partnership constituted between Carlos A. García-Pérez and Gisela M. Baerga Torres, has been caused to have large expenditures of monies for medical, hospital and related care, and upon information and belief, will have to continue to have such expenditures for an indefinite period in the future.

34. Plaintiff Carla Isabel García-Baerga has suffered permanent physical and mental damages which will affect her future development and will require ongoing continued medical treatment for the rest of her life.

35. Plaintiff Carla Isabel García-Baerga has suffered and continues to suffer great pain and mental anguish.

36. Plaintiff Carla Isabel García-Baerga has suffered a permanent loss of earning potential.

37. Plaintiff Carla Isabel García-Baerga has lost the enjoyment of life and her physical and mental impairments will preclude a normal development.

38. María Génesis García-Baerga, Ana Carolina García-Baerga, and Adriana María

Complaint09-10.mf

García-Baerga suffered great pain before their deaths, which cause of action is inherited by their heirs.

**V. CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS**

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 38, inclusive, with the same force and effect as if set forth at length herein.

40. Pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A., § 5141, a person who causes damage to another, through fault or negligence, must repair the damage caused.

41. The Defendant Doctors, and Dr. de la Vega, were under a duty, at all times, to treat the plaintiffs at a level of good and accepted medical care employed by physicians in their respective specialties.

42. The Defendant Doctors, and Dr. de la Vega, were under a duty, at all times, to advise and warn the plaintiffs of all the adverse consequences that could arise from plaintiff's submission to the treatment they recommended.

43. The Defendant Doctors, and Dr. de la Vega, were negligent herein in that they: (i) failed to warn the plaintiffs of the risks and adverse consequences of the medical treatment; (ii) failed to provide the plaintiffs necessary information that would have led them to grant informed consent regarding the medical treatment provided in the Ashford Presbyterian Community Hospital; (iii) failed to warn the plaintiffs

Complaint09-10.mf

of alternatives to the medical treatment offered; (iv) failed to abide by the standards of medical care for the specialty of neonatology; (v) failed to provide medical care at a level of good and accepted medical care employed by physicians in their respective specialties.

44. The negligent acts or omissions of the defendant Doctors and Dr. de la Vega proximately caused the damages suffered by plaintiffs alleged in the present complaint.

45. Co-defendant, Ashford Presbyterian Community Hospital, as the owner and operator of a licensed hospital, was under the duty to provide adequate supervision and consultation; to provide necessary and correct medical equipment; to properly monitor its neonatology department; to properly monitor the physicians to which it grants staff privileges; to properly monitor its nursing staff and ensure an adequate ratio of nurses to neonates; to abide by its licensing regulations and accreditation standards; to abide by its own by-laws; and to act at all times in accordance with the standards of the American Hospital Association.

46. Co-defendant, Ashford Presbyterian Community Hospital, its officers, directors, medical staff, nursing staff, and employees, were negligent herein in that it: (i) failed to provide adequate supervision to the physicians in its Neonatology Department; (ii) failed to provide adequate supervision to its nursing staff, and

11

Complaint09-10.mf

failed to provide properly trained and sufficient nursing staff to care for the quadruplets; (iii) did not have the necessary equipment, resources or personnel in order to provide emergency neonatal care to the quadruplets; (iii) falsely represented that it had a fully equipped neonatal care unit and adequate personnel and space to handle such emergency neonatal cases; (iv) failed to comply with standards of its own by-laws; (v) failed to comply with the regulations of its licensing authority; (vi) failed to comply with the standards of the American Hospital Association; and (vii) otherwise failed to exercise due care and caution to prevent the happening of the occurrences.

47. The negligent acts or omissions of the officers, directors, medical staff, nursing staff, and employees of the co-defendant, Ashford Presbyterian Community Hospital, proximately caused the damages suffered by the plaintiffs alleged in the present complaint.

48. The insurers of the defendants, AIICO, PHICO, SIMED, and Guaranty, are liable for the negligence and fault of their respective insured up to the limits of the insurance coverage of each policy.

49. Plaintiffs are entitled to recover from the defendants, jointly and severally, for their pain, suffering, and anguish; permanent physical impairments; loss of earning potential; the expenditures of monies for medical treatment and care, past and future; and, loss of enjoyment of life.

Complaint09-10.mf

50. Plaintiffs Mr. and Mrs. García estimate their damages to be reasonably worth Six Million Dollars ($6,000,000.00).

51. The Conjugal Partnership constituted between Mr. and Mrs. García has already spent approximately Five Hundred Thousand Dollars ($500,000.00) in medical expenses, and estimate that the future medical expenses to cover the medical care of their surviving daughter will exceed the amount of Five Million Dollars ($5,000,000.00).

52. Plaintiff, Carla Isabel García-Baerga's damages are estimated to exceed the sum of Five Million Dollars ($5,000,000.00).

53. The damages suffered by María Génesis García-Baerga, Ana Carolina García-Baerga, and Adriana María García-Baerga prior to their death are estimated to exceed the sum of One Million Dollars ($1,000,000.00).

54. Pursuant to the laws of the Commonwealth of Puerto Rico, a party adjudged guilty of obstinacy during judicial proceedings is liable to the prevailing party for the latter's reasonable attorney's fees.

55. Pursuant to the laws of the Commonwealth of Puerto Rico, a defendant adjudged guilty of obstinacy during judicial proceedings is liable for pre-judgment interest on any award plaintiff may obtain, from the date of the filing of the complaint.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally in the sum of **SEVENTEEN MILLION DOLLARS ($17,000,000.00)**, together with reasonable

Complaint09-10.mf

attorneys fees, pre-judgment interest from the date of the filing of the complaint, plus costs to be hereinafter taxed.

    Respectfully submitted.

    In San Juan, Puerto Rico this 22nd day of September, 2004.

    **I HEREBY CERTIFY**: That I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pedro J. Córdova, Esq., P.O. Box 9023998, San Juan, Puerto Rico 00902-3998; Angel R. de Corral-Juliá, Esq., De Corral & De Mier, 130 Eleonor Roosevelt, San Juan, Puerto Rico 00918-3105; Marta E. Vilá-Báez, Esq., Sánchez, Betances & Sifre, P.O. Box 195055, San Juan, Puerto Rico 00919-5055; Roberto Ruiz-Comas, Esq., González Pando Plaza, 1181 Jesús T. Piñeiro Avenue, San Juan, Puerto Rico 00920-5604; José Enrique Otero, Esq., P.O. Box 9023933, San Juan, Puerto Rico 00902-3933; José Héctor Vivas, Esq., Vivas & Vivas, P.O. Box 330951, Ponce, Puerto Rico 00733-0951; Igor J. Domínguez, Esq., 652 Muñoz Rivera Avenue, Suite 3125, Hato Rey, Puerto Rico 00918-4261; Doris Quiñones-Tridas, Esq., 113 Padre Las Casas, Suite 601, Urb. El Vedado, San Juan, Puerto Rico 00918-3116; Pedro Toledo-González, Esq., Julio Bogoricin Building, Office L-06, Lobby, 1606 Ponce de León Avenue, Santurce, Puerto Rico 00909.

    s/ Joan S. Peters
**Joan S. Peters**
USDC-PR 207409
e-mail: nrodriguez@guillemardlaw.com

    s/ Andrés Guillemard-Noble
**Andrés Guillemard-Noble**
USDC-PR 207308

Complaint09-10.mf

e-mail: aguillemard@guillemardlaw.com

**NACHMAN & GUILLEMARD**
Attorneys for Plaintiffs
P.O. Box 9949
San Juan, Puerto Rico 00908
Tel. (787) 724-1212; Fax (787) 725-1339