1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

CARLOS A. GARCIA PEREZ, ET AL          *
                                       *
      Plaintiffs                       *    CIVIL 97-1703 (JAG)
                                       *
      vs.                              *
                                       *
ALVARO SANTAELLA, ET AL                *
                                       *
      Defendants                       *
                                       *
/////////////////////////////////////////////////////////////////////

### ANSWER TO AMENDED COMPLAINT

TO THE HONORABLE COURT:

Comes now, co-defendant, Ashford Presbyterian Community Hospital, through their attorneys of record and respectfully alleges and prays:

### I. INTRODUCTION

The introductory paragraph of the Amended Complaint does not require an answer since it does not contain any allegation of material facts. Should said paragraph require an answer, the same is denied.

### II. PARTIES

1.     Paragraph one (1) of the Amended Complaint is admitted.

2.     From paragraph two (2) of the Amended Complaint, the appearing parties admit that Dr. Alvaro Santaella provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied as drafted.

2

3.      Paragraph three (3) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

4.      Paragraph four (4) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer the same is denied.

5.      From paragraph five (5) of the Amended Complaint, the appearing parties admit that Dr. Adel Vargas Rodríguez provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied as drafted.

6.      From paragraph six (6) of the Amended Complaint, the appearing parties admit that Dr. María T. Casado provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied as drafted.

7.      From paragraph seven (7) of the Amended Complaint, the appearing parties admit that Dr. Iván Terón Méndez provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied as drafted.

8.       From paragraph eight (8) of the Amended Complaint, the appearing parties admit that Dr. Amaury Vélez Torres provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied as drafted.

9.      From paragraph nine (9) of the Amended Complaint, the appearing parties admit that Dr. Mildred Quiñones Pardo provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied as drafted.

10.     Paragraph ten (10) of the Amended Complaint is admitted.

11.     Paragraph eleven (11) of the Amended Complaint is admitted.

3

12.    Paragraph twelve (12) of the Amended Complaint is admitted. It is affirmatively alleged that the responsibility of American International Insurance Company is subject to the limits ($1,000,000 per medical incident and $3,000,000 per aggregate), clauses, conditions and exclusion of policy number 169-01016, which was issued to Ashford Presbyterian Community Hospital. The policy has a self insurance retention of $10,000 per medical incident and $100,000 per aggregate. Finally, since they have a contractual relationship, Ashford Presbyterian Community Hospital and American International Insurance Company cannot be held jointly liable and the latter, if plaintiffs prevail, would only respond up to the policy limits.

13.    Paragraph thirteen (13) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another parties. Should said paragraph require an answer, the same is denied.

14.    Paragraph fourteen (14) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another parties. Should said paragraph require an answer, the same is denied.

15.    Paragraph fifteen (15) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another parties. Should said paragraph require an answer, the same is denied.

### III. JURISDICTION AND VENUE

16.    Paragraph sixteen (16) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

4

17.     Paragraph seventeen (17) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

18.     Paragraph eighteen (18) of the Amended Complaint does not require an answer since it does not contain any allegation of material facts. Should said paragraph require an answer, the same is denied.


**IV. THE FACTS**

19.     Paragraph nineteen (19) of the Amended Complaint does not require an answer since it does not contain any allegation of material facts. Should said paragraph require an answer, the same is denied.

20.     Paragraph twenty (20) of the Amended Complaint is admitted.

21.     The first two sentence of paragraph twenty-one (21) of the Amended Complaint are admitted. The last sentence of said paragraph does not require an answer from the appearing party since it is addressed to another party. Should said sentence require an answer, the same is denied..

22.     Paragraph twenty-two (22) of the Amended Complaint is denied.

23.     Paragraph twenty-three (23) of the Amended Complaint is admitted.

24.     Paragraph twenty-four (24) of the Amended Complaint is admitted.

25.     Paragraph twenty-five (25) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another party. Should said paragraph require an answer, the same is denied.

5

26.    Paragraph twenty-six (26) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

27.    Paragraph twenty-seven (27) of the Amended Complaint is admitted as the facts and dates appear in the medical record.

28.    Paragraph twenty-eight (28) of the Amended Complaint is admitted.

29.    Paragraph twenty-nine (29) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another parties. Should said paragraph require an answer, the same is denied.

30.    Paragraph thirty (30) of the Amended Complaint is denied.

31.    Paragraph thirty-one (31) of the Amended Complaint is denied.

32.    Paragraph thirty two (32) of the Amended Complaint is denied.

33.    Paragraph thirty-three (33) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

34.    Paragraph thirty-four (34) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

35.    Paragraph thirty-five (35) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

36.    Paragraph thirty-six (36) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

37.    Paragraph thirty-seven (37) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

38.    Paragraph thirty-eight (38) is denied.

6

## V. ALLEGED CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS

39.    Paragraph thirty-nine (39) of the Amended Complaint does not require an answer since it does not contain any allegation of material facts. Should said paragraph require an answer, the same is denied.

40.    Paragraph forty (40) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

41.    Paragraph forty-one (41) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

42.    Paragraph forty-two (42)of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

43.    Paragraph forty-three (43) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another parties. Should said paragraph require an answer, the same is denied.

44.    Paragraph forty-four (44) of the Amended Complaint does not require an answer from the appearing parties since it is addressed to another parties. Should said paragraph require an answer, the same is denied.

45.    Paragraph forty-five (45) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

46.    Paragraph forty-six (46) of the Amended Complaint is denied.

7

47.    Paragraph forty-seven (47) of the Amended Complaint is denied.

48.    Paragraph forty-eight (48) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied. It is affirmatively alleged that the responsibility of American International Insurance Company is subject to the limits ($1,000,000 per medical incident and $3,000,000 per aggregate), clauses, conditions and exclusion of policy number 169-01016, which was issued to Ashford Presbyterian Community Hospital. The policy has a self insurance retention of $10,000 per medical incident and $100,000 per aggregate. Finally, since they have a contractual relationship, Ashford Presbyterian Community Hospital and American International Insurance Company cannot be held jointly liable and the latter, if plaintiffs prevail, would only respond up to the policy limits.

49.    Paragraph forty-nine (49) of the Amended Complaint is denied.

50.    Paragraph fifty (50) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

51.    Paragraph fifty-one (51) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

52.    Paragraph fifty-two (52) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

53.    Paragraph fifty-three (53) of the Amended Complaint is denied for lack of knowledge and information as to form an opinion.

54.    Paragraph fifty-four (54) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

8

55.     Paragraph fifty-five (55) of the Amended Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

## V. AFFIRMATIVE DEFENSES

1.     The amended complaint fails to state a cause of action upon which relief can be granted against the appearing co-defendants.

2.     The allegations in the amended complaint against the appearing co-defendants are time-barred or the defense of laches can be applied thereto.

3.     Ashford Presbyterian Community Hospital complied with the standards of medical care required in Puerto Rico and always exercised the degree of care required by the best practice of medicine.

4.     At all times relevant to the instant complaint the hospital's personnel acted diligently, prudently, and reasonably and did not incur in negligent acts as those averred in the complaint.

5.     At all times relevant to the instant complaint, the medical treatment afforded by Ashford Presbyterian Community Hospital was suited to the state of knowledge and science prevalent in medicine, satisfying all generally accepted exigencies by the medical profession for the kind of condition presented by plaintiffs at the moment medical care was provided.

6.     The treatment afforded by Ashford Presbyterian Community Hospital to plaintiffs is protected by a presumption of correctness to the effect that a reasonable standard of care was used and complied with, and that the medical treatment afforded was

9

adequate, being plaintiffs' burden to contradict that presumption through the presentation of direct evidence of negligence and causality through expert witness testimony.

7.      At all times relevant to the complaint, regarding both diagnosis and treatment, the hospital's personnel exhibited good professional judgment, reasonably accepted by the medical profession, so that any error in judgment or in treatment, if the same occurred, and, which is hereby denied, does not constitute a valid basis for an action in torts.

8.      Alternatively, it is hereby alleged that according to the prevailing law in Puerto Rico, the hospital is afforded ample latitude at the moment of exercising its professional judgment regarding diagnosis and treatment, so that any honest and reasonable error in judgment based on a latent disagreement amongst medical authorities regarding diagnosis or treatment operates as a bar as to tortiotous liability.

9.      There is no causal nexus between the damages claimed by plaintiffs and the treatment afforded by the hospital's personnel to plaintiffs.

10.     The damages claimed by plaintiffs are exaggerated, speculative and do not bear proportion to the facts alleged in the amended complaint.

11.     The damages complained of, if true, are not consequence of the medical care and treatment given to plaintiffs by the appearing party's personnel.

12.     If plaintiffs prevail in the instant case, the damages complained of are a consequence of the acts or omissions of other persons, for which the appearing party is not responsible, and should not beheld liable.

13.     The doctrine of compared-contributory negligence is of application to the instant case.

14.      Plaintiffs have failed to mitigate damages.

10

15.    Plaintiffs' damages are pre-existent and wholly unrelated with the medical care and treatment given by the appearing party's personnel to plaintiffs.

16.    Defendants are not joint tortfeasors.

17.    The responsibility of American International Insurance Company is subject to the limits ($1,000,000 per medical incident and $3,000,000 per aggregate), clauses, conditions and exclusion of policy number 169-01016, which was issued to Ashford Presbyterian Community Hospital. The policy has a self insurance retention of $10,000 per medical incident and $100,000 per aggregate. Finally, since they have a contractual relationship, Ashford Presbyterian Community Hospital and American International Insurance Company cannot be held jointly liable and the latter, if plaintiffs prevail, would only responds up to the policy limits.

18.    The appearing parties deny any allegation of the complaint that has not been expressly admitted.

19.    The appearing parties reserve the right to amend this answers to complaint and affirmatives defenses once discovery proceedings have concluded.

WHEREFORE, Ashford Presbyterian Community Hospital respectfully requests that this Honorable Court dismiss the complaint with the imposition on plaintiffs of court costs, expenses and reasonable attorneys fees.

I CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following: Pedro J. Córdova Pelegrina, Igor Domínguez Pérez, Andrés Guillemard-Noble, Alexis D. Mattei-Barrios, Doris Quiñones Tridas, Ricardo Rodríguez-Padilla, Roberto Ruiz Comas, Joan Schlump Peters, Jaime Sifre Rodríguez, Pedro Toledo González, Marta E. Vila Baez and José H. Vivas.

11

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5th day of October, 2004.


S/ Raphael Peña Ramón
Raphael Peña Ramón-212201
Attorney for defendants
**DE CORRAL & DE MIER**
130 ELEANOR ROOSEVELT
SAN JUAN, PR  00918-3105
TEL: (787) 758-0644 / FAX: (787) 758-0687
rgpena@coqui.net