IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CARLOS A. GARCIA PEREZ, ET AL | * | COURT OF APPEALS |
| | * | CASE NO. 03-1670 |
| PLAINTIFFS-APPELLANTS | * | |
| | * | |
| VS. | * | |
| | * | |
| ALVARO SANTAELLA, ETA L | * | DISTRIC COURT |
| | * | CIVIL NO. 97-1703 (JGG) |
| DEFENDANTS-THIRD PARTY | * | |
| PLAINTIFFS APPEALS | * | |
| | * | |
| VS. | * | |
| | * | |
| DR. MARIA T. CASADO GARCIA, ET AL | * | |
| | * | |
| THIRD PARTY DEFENDANTS-APPELLES | * | |
| | * | |

ANSWER TO AMENDED COMPLAINT

TO THE HONORABLE COURT:

Codefendant Guaranty Association of Miscellaneous Insurance of Puerto Rico, on its own behalf and in the interest of codefendant Dr. María I. Casado, through the undersigned attorneys, answers the amended Complaint as hereinafter indicated:

I. Introduction

The introductory paragraph of the Amended Complaint (hereinafter referred to as the "Complaint") does not require an answer since it refers to the procedural history of the complaint and is informative in nature. Should said paragraph require an answer, the same is denied.

-2-

## II. Parties

1. Paragraph one (1) of the Complaint is denied for lack of sufficient knowledge or information to from a belief as to the truth of the allegation.

2. From paragraph two (2) of the Complaint the appearing parties admit that Dr. Alvaro Santaella provided medical care and treatment to the minor plaintiffs. The rest of the paragraph is denied for lack of sufficient knowledge and information to from an opinion as to the truth of the allegation.

3. Paragraph three (3) of the Complaint is denied for lack of sufficient knowledge and information to form an opinion.

4. Paragraph four (4) of the Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer, the same is denied.

5. From paragraph five (5) of the Complaint, the appearing parties admit that Dr. Adel Vargas Rodríguez provided medical care and treatment to the minor plaintiffs. The rest is denied for lack of sufficient knowledge and information to from an opinion.

6. From paragraph six (6) of the Complaint, it is admitted that Dr. María I Casado is a resident of Puerto Rico and provided medical care and treatment to the minor plaintiffs. It is denied that Dr. Casado was responsible for the medical care and treatment of the minor plaintiffs.

7. From paragraph seven (7) of the Complaint, the appearing parties admit that Dr. Iván Terón Mendez provided medical care and treatment to the minor plaintiffs. The rest is denied for sufficient lack of Knowledge and information to from an opinion.

-3-

8.  From paragraph eight (8) of the Complaint, the appearing parties admit that Dr. Amaury Velez Torres provided medical care and treatment to the minor plaintiffs. The rest is denied for lack of Knowledge and information sufficient to from an opinion.

9.  From paragraph nine (9) of the Complaint, the appearing parties admit that Dr. Mildred Quiñones Pardo provided medical care and treatment to the minor plaintiffs. The rest is denied for lack of knowledge and information sufficient to form an opinion.

10.  Paragraph ten (10) of the Complaint is admitted based on information believed to be true.

11.  Paragraph eleven (11) of the Complaint is admitted based on information believed to be true.

12.  Paragraph twelve (12) of the Complaint does not require an answer from the appearing parties since it is addressed to other parties. Additionally, paragraph twelve (12) refers to a question of law that does not require an answer. Should said paragraph require an answer, the same is denied.

13.  Paragraph thirteen (13) of the Complaint does not require an answer from the appearing parties since it is addressed to other parties. Additionally, paragraph thirteen (13) refers to a question of law that does not require an answer. Should said paragraph require an answer the same is denied.

14.  Paragraph fourteen (14) of the Complaint is denied as drafted. It is clarified that Phico Insurance Company is a corporation organized under the laws of the state of Pennsylvania, in liquidation in its state of incorporation and under the protection of the

Bankruptcy laws the United States. At the time of the occurrence originating this complaint, Phico was the professional liability insurer of Dr. Casado.

15. Paragraph fifteen (15) of the Complaint is denied as drafted. It is clarified that the Guaranty Association of Miscellaneous Insurance is not a Corporation but a legal entity created, pursuant to, and subject to the provisions and limitations of the Puerto Rico Insurance Code, 26 L.P.R.A.. 101 et. seq. When Phico went into a liquidation proceeding in the state of Pennsylvania, the Guaranty Association substituted Phico as Dr. Casado's insurer up to what is less of the limits of Dr. Casado's policy or $150.000.00 per claim and subject to all other conditions and limits of the policy.

### III. Jurisdiction and Venue

16. Paragraphs sixteen (16), seventeen (17) and eighteen (18) of the Complaint do not require an answer since they refer to questions of law, and/or do not contain allegations of material facts. Should said paragraphs require answers, the same are denied.

### IV. The Facts

17. In response to paragraph nineteen (19) of the Complaint, the appearing codefendants repeat, reiterate and reallege each and every answer contained in paragraphs one (1) through sixteen (16) all inclusive, with the same force and effect as if set forth at length herein.

18. Paragraph twenty (20) is admitted based on information believed to be true.

-5-

19. The first sentence of paragraph twenty one (21) of the Complaint is admitted. The remaining averments do not require an answer from the appearing parties since they are addressed to another party. Should said averment require an answer the same is denied.

20. Paragraph twenty two (22) of the Complaint does not require an answer from the appearing parties since it is addressed to other parties. Should it require an answer the same is denied.

21. Paragraph twenty three (23) of the Complaint is admitted as the facts and dates appear in the medical record.

22. Paragraph twenty four (24) is admitted based on information believed to be true. It is specifically admitted that Dr. Casado was part of the group of doctors who provided medical care and treatment to the minor plaintiffs.

23. Paragraphs twenty five (25) and twenty six (26) of the Complaint are admitted.

24. Paragraph twenty seven (27) of the Complaint is admitted as the facts and dates appear in the medical record.

25. Paragraph twenty eight (28) is admitted.

26. Paragraphs twenty nine (29) thirty (30), thirty one (31), and thirty two (32) are denied.

27. Paragraphs thirty three (33), thirty four ( 34), thirty five (35), thirty six (36) and thirty seven (37) of the Complaint are denied for lack of knowledge and information sufficient to from an opinion.

28. Paragraph thirty eight (38) is denied.

-6-

## V. Claims for Relief Against all Defendants

29. In respect to paragraph thirty nine (39) of the Complaint, the appearing codefendants reiterate and reallege each and every answer contained in paragraphs I through 28, all inclusive, with the same force and effect as if set forth at length herein.

30. Paragraph forty (40) does not require and answer since it refers to a question of law and does not contain an allegation of material facts.

31. Paragraphs forty one (41) and forty two (42) do not require an answer since they refer to questions of law.

32. Paragraphs forty three (43) and forty four (44) are denied.

33. Paragraph forty five (45) does not require an answer from the appearing parties since it is addressed to another parties and refers to a question of law.

34. Paragraphs forty six (46) and forty seven (47) of the Complaint are denied.

35. Paragraph forty eight (48) of the Complaint does not require an answer since it refers to a question of law. Should said paragraph require an answer the same is denied. It is affirmatively alleged that Phico is in a process of liquidation and protected by the bankruptcy laws of the United States. The liability of the Guaranty Association of Miscellaneous Insurance is limited by the provisions of the Puerto Rico Insurance Code and the limits of the insurance policy issued by the Association to Dr. Casado, whichever is lower.

36. Paragraphs forty nine (49) through fifty three (53), all inclusive, are denied.

37. Paragraphs fifty four (54) and fifty five (55) of the Complaint do not require an answer since they refer to questions of law. Should said paragraphs require an answer, the same are denied.

-7-

## V.  AFFIRMATIVE DEFENSES

1.  The complaint fails to state a cause of action upon which relief can be granted against the appearing co-defendants.

2.  The allegations in the complaint against the appearing co-defendants are time-barred or the defense of laches can be applied thereto.

3.  Dr. Casado complied with the standards of medical care required in Puerto Rico and always exercised the degree of care required by the best practice of medicine.

4.  At all times relevant to the instant complaint Dr. Casado acted diligently, prudently, and reasonably and did not incur in negligent acts as those averred in the complaint.

5.  At all times relevant to the instant complaint, the medical treatment afforded by Dr. Casado was suited to the state of knowledge and science prevalent in medicine, satisfying all generally accepted exigencies by the medical profession for the kind of condition presented by plaintiffs at the moment medical care was provided.

6.  The treatment afforded by Dr. Casado to plaintiffs is protected by a presumption of correctness to the effect that a reasonable standard of care was used and complied with, and that the medical treatment afforded was adequate, being plaintiffs' burden to contradict that presumption through the presentation of direct evidence of negligence an causality through expert witness testimony.

7.  At all times relevant to the complaint, regarding both diagnosis and treatment, Dr. Casado exhibited good professional judgment, reasonably accepted by the medical

-8-

profession, so that any error in judgment or in treatment, if the same occurred, and, which is hereby denied, does not constitute a valid basis for an action in torts.

8. Alternatively, it is hereby alleged that according to the prevailing law in Puerto Rico a doctor is afforded ample latitude at the moment of exercising its professional judgment regarding diagnosis and treatment, so that any honest and reasonable error in judgment based on a latent disagreement amongst medical authorities regarding diagnosis or treatment operated as a bar as to tortiotous liability.

9. There is no causal nexus between the damages claimed by plaintiffs and the treatment afforded by Dr. Casado to plaintiffs.

10. The damages claimed by plaintiffs are exaggerated, speculative and do not bear proportion to the facts alleged in the amended complaint.

11. The damages complained of, if true, are not consequence of the medical care and treatment given to plaintiffs by Dr. Casado.

12. If plaintiffs prevail in the instant case, the damages complained of are a consequence of the acts or omissions of other persons, for which the appearing parties are not responsible, and should not be held liable.

13. The doctrine of compared-contributory negligence is of application to the instant case.

14. Plaintiffs have failed to mitigate damages.

15. Plaintiffs' damages are wholly unrelated with the medical care and treatment given by Dr. Casado.

-9-

16. Defendants are not joint tortfeasors.

17. The responsibility of the Guaranty Association of Miscellaneous Insurance of Puerto Rico is subject to the limits of the policy issued by Phico to Dr. Casado and in effect on the date (s) when the incidents that originate the present complaint took place or the sum of $150,000.00 per claim, whichever is lesser, and to all the conditions and limitations established in the Puerto Rico Insurance Code, 26 L.P.R.A. 101 et seq.

18. The appearing parties deny any allegation of the complaint that has not been expressly admitted.

19. The appearing parties reserve the right to amend this answers to complaint and affirmative defenses once discovery proceedings have concluded.

WHEREFORE, the appearing parties respectfully requests that this Honorable Court dismiss the complaint with the imposition on plaintiffs of court costs, expenses and reasonable attorneys fees.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court of the Court using the CM/ECF system which will send notification of such filing to the following: Pedro J. Córdova Pelegrina, Esq.; Angel R. De Corral Julia, Esq.; Ramonita Dieppa González, Esq.; Igor Domínguez Pérez, Esq.; Andres Guillemard Noble, Esq.; Doris Quiñonez Tridas, Esq.; Roberto E. Ruiz Comas, Esq.; Jaime Sifre Rodríguez, Esq.; Pedro Toledo González, Esq.; Luis V. Villares Sarmiento, Esq.; José H. Vivas, Esq.

-10-

In San Juan, Puerto Rico, this 12 day of October, 2004.

                                       s/     ALEXIS D. MATTEI BARRIOS
                                       ALEXIS D. MATTEI BARRIOS
                                       USDC No. 113610
                                       For the P.R. Insurance Guaranty Association
                                       in the interest of María Casado García, MD
                                       OTERO & LÓPEZ, L.L.P.
                                       PO Box 9023933
                                       San Juan, Puerto Rico  00902-3933
                                       Tel.:  724-4828 / Fax:  722-7662
                                       otelo@prtc.net