IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. GARCIA PEREZ, et als.<br><br>Plaintiffs<br><br>V.<br><br>ALVARO SANTAELLA, et als.<br><br>Defendants | Civil no. 97-1703 (DRD) |

**ANSWER TO AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Comes now codefendant, Dr. Amaury Vélez Torres, through his undersigned attorney and very respectfully states and prays:

**GENERAL ALLEGATIONS**

1. All conclusions of law alleged in the complaint are hereby denied.

2. All factual allegations of the complaint, except those specifically admitted below, and only as qualified therein, are denied.

**I. Introduction**

The *Introduction* does not require a responsive pleading from appearant.

**II. Parties**

1. Allegations contained in paragraph one of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

2

2.      Allegations contained in paragraphs two, three, four, five, six and seven of the amended complaint are not addressed to appearant, thus do not require a responsive pleading; notwithstanding they are hereby denied insofar a response may be warranted.

3.      Allegations contained in paragraph eight of the amended complaint are admitted.

4.      Allegations contained in paragraph nine, ten, eleven and twelve of the amended complaint are not addressed to appearant, thus do not require a responsive pleading; notwithstanding they are hereby denied insofar a response may be warranted.

5.      Allegations contained in paragraph thirteen of the amended complaint are admitted.  However, it is specifically asserted that the policy issued on behalf of Dr. Amaury Vélez is subject to its own terms, conditions, limits and restrictions.

6.      Allegations contained in paragraph fourteen and fifteen of the amended complaint are not addressed to appearant, thus do not require a responsive pleading; notwithstanding they are hereby denied insofar a response may be warranted.

### III.  Jurisdiction and Venue

7.      Allegations contained in paragraph sixteen of the amended complaint are statements of legal conclusions upon which plaintiffs have elected to set forth

3

their claims, thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

8.   Allegations contained in paragraph seventeen of the amended complaint are statements of legal conclusions upon which plaintiffs have elected to set forth their claims, thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

9.   Allegations contained in paragraph eighteen of the amended complaint are statements of legal conclusions upon which plaintiffs have elected to set forth their claims, thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

### IV.  The facts

10.   Appearant repeats and realleges as if fully set forth herein the response to allegations 1 to 18 of the amended complaint .

11.   From allegations contained in paragraph twenty of the amended complaint it is only admitted that Dr. De La Vega is an obstetrician. The rest of the averment is denied for lack of information sufficient to form a belief as to the truth of the averment.

12.   Allegations contained in paragraph twenty one of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

4

13. Allegations contained in paragraph twenty two of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

14. From allegations contained in paragraph twenty three of the amended complaint it is only admitted that on May 5, 1996, plaintiff Baerga-Torres gave birth at codefendant Hospital. The rest of the averment is denied for lack of information sufficient to form a belief as to the truth of the averment.

15. From allegations contained in paragraph twenty four of the amended complaint, it is only admitted that appearant provided neonatal care to baby García-Baerga. The rest of the averment is denied for lack of information sufficient to form a belief as to the truth of the averment.

16. Allegations contained in paragraph twenty five of the amended complaint are not addressed to apperant; thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

17. Allegations contained in paragraph twenty six of the amended complaint are not addresed to apperant; thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

18. Allegations contained in paragraph twenty seven of the amended complaint are admitted.

19. Allegations contained in paragraph twenty eight of the amended complaint are admitted.

20. Allegations contained in paragraph twenty nine of the amended complaint are denied as stated. It is specifically denied that the damages alleged therein may be the result of acts or omissions attributable to appearant, Dr. Amaury Vélez.

21. Allegations contained in paragraph thirty of the amended complaint are not addressed to appearant.

22. Allegations contained in paragraph thirty one of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

23. Allegations contained in paragraph thirty two of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

24. Allegations contained in paragraph thirty three of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

25. Allegations contained in paragraph thirty four of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

6

26. Allegations contained in paragraph thirty five of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

27. Allegations contained in paragraph thirty six of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

28. Allegations contained in paragraph thirty seven of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

29. Allegations contained in paragraph thirty eight of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

### V. Claims for relief against all defendants

30. Appearant repeats and realleges as if fully set forth herein the response to allegations 1 to 29 of the amended complaint .

31. Allegations contained in paragraph forty of the amended complaint are statements of legal conclusions upon which plaintiffs have elected to set forth their claims, thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

32. From allegations contained in paragraph forty one of the amended complaint it is only admitted that apperant, Dr. Amaury Vélez, provided good and

acepted medical care to babies García-Baerga. The rest of the averment is denied for lack of information sufficient to form a belief as to the truth of the averment.

33. Allegations contained in paragraph forty two of the amended complaint are denied as stated. However, it is specifically denied that the damages alleged therein may be the result of acts or omissions attributable to appearant, Dr. Amaury Vélez.

34. Allegations contained in paragraph forty three of the amended complaint are denied.

35. Allegations contained in paragraph forty four of the amended complaint are denied.

36. Allegations contained in paragraph forty five of the amended complaint are not addressed to appearant, thus do not required a responsive pleading; notwithstanding they are hereby denied insofar a response may be warranted.

37. Allegations contained in paragraph forty six of the amended complaint are not addressed to appearant, thus do not required a responsive pleading; notwwithstanding they are hereby denied insofar a response may be warranted.

38. Allegations contained in paragraph forty seven of the amended complaint are denied.

39. From allegations contained in paragraph forty eight of the amended complaint it is only admitted that the professional insurance policy issued by

8

SIMED for appearant, Dr. Amaury Vélez is subject to its own terms, conditions, limits and exclusions as expressed in the insurance contract.

40. Allegations contained in paragraph forty nine of the amended complaint are denied for lack of information sufficient to form a belief as to the truth of the averment.

41. Allegations contained in paragraph fifty, fifty one, fifty two and fifty three of the amended complaint are denied.

42. Allegations contained in paragraph fifty four of the amended complaint are statements of legal conclusions upon which plaintiffs have elected to set forth their claims, thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

43. Allegations contained in paragraph fifty five of the amended complaint are statements of legal conclusions upon which plaintiffs have elected to set forth their claims, thus do not require a responsive pleading from appearant; however, they are hereby denied insofar a response may be warranted.

## **AFFIRMATIVE DEFENSES**

1. The complaint fails to state sufficient grounds upon which relief may be granted for plaintiffs and against appearing codefendant, Dr. Amaury Vélez.

2. The medical care and treatment provided to babies García-Baerga by Dr. Vélez fully complied with the generally accepted standards of the medical profession, under the specific circumstances of this case.

9

3. If there was negligence incurred in this action, which is specifically denied, same is attributable to plaintiff, third parties and/or other codefendants, for whose actions appearant is not responsible, as a matter of law.

4. The alleged damages suffered by plaintiffs are not related to nor were they caused by the treatment, care and service provided to the patients by the appearing codefendant.

5. The instant complaint is subject to the provisions, limitations, and procedures established under the Puerto Rico Malpractice Law, as amended.

6. The complaint as drafted, does not establish a causal relationship between the alleged damages and the negligence attributed to the appearing codefendant.  Nevertheless, if it is eventually determined that the appearing codefendant was in anyway negligent, which is denied, he will only be responsible for such portions of the compensatory damages suffered by plaintiffs that are equal to their degree of contributory negligence.

7. In the alternative, the facts alleged in the complaint were due to fault or negligence on the part of plaintiffs and/or other persons out of the control of the appearing of the codefendant for whose actions he is not due to respond. Should plaintiffs have a cause of action, which is denied, it would be against third parties other that the appearing codefendant.

8. The causes of action that plaintiffs may have are time barred by the running of the applicable statute of limitations.

10

9. The damages alleged in the complaint are exaggerated and without proportion to the facts as alleged therein.

10. Plaintiffs have failed in the burden of showing sufficient evidence to overcome the presumption of correctness in the diagnosis and treatment received by patients' babies García-Baerga.

11. There is a presumption of good faith in the actions taken by physicians, and medical personnel, and plaintiffs have failed to bring forward enough evidence to prove the contrary.

12.   The insurance policy issued by Simed to Dr. Amaury Vélez is limited to its own terms, limits and conditions.

13.   The appearing codefendant reserves the right to raise any other defenses that may come to his knowledge in due course of the proceedings.

WHEREFORE, it is respectfully requested from this Honorable Court that the instant action be dismissed with prejudice and that costs, fees, expenses and a reasonable amount of attorney's fees be awarded to appearing codefendant.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **ANGEL R. DE CORRAL JULIA, ESQ**., 130 Eleonor Roosevelt, San Juan, Puerto Rico 00918-3105; **FRANCISCO REBOLLO CASALDUC, ESQ.,** PO Box 9949, San Juan, Puerto Rico 00908**; HILDA M. SURILLO PEÑA, ESQ., PO Box** 195055, San Juan, Puerto Rico 00919-5055;

**PEDRO J. CORDOVA, ESQ**., PO Box 9023998, San Juan, Puerto Rico 00902-3998; **PEDRO TOLEDO GONZALEZ, ESQ**., Edif. Bogoricin, Ste. L-06, 1606 Ponce de León, San Juan, Puerto Rico 00909; **IGOR DOMINGUEZ, ESQ**., El Monte Mall, Ste. 3125, 652 Muñoz Rivera Avenue, San Juan, Puerto Rico 00918-4261; **RAMONITA DIEPPA, ESQ.**, Otero & López, P.O. Box 9023933, San Juan, Puerto Rico 00902-3933; **JOSE HECTOR VIVAS, ESQ**., PO BOX 951, Ponce Puerto Rico 00733-0951; **ROBERTO RUIZ COMAS, ESQ.**, González Pando Plaza, 1181 Avenida Jesús T. Piñeiro, San Juan, Puerto Rico 00920-5604; **JOSE L. GONZALEZ CASTAÑER, ESQ**., Hato Rey Tower, Ste. 1002, 268 Muñoz Rivera Avenue, San Juan, Puerto Rico 00918.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this      day of October, 2004.

S/Doris Quiñones-Tridas
DORIS QUIÑONES TRIDAS
USDC-PR-202211
QUIÑONES TRIDAS LAW OFFICE, PSC
Attorney for Dr. Amaury Vélez
1413 Fernández Juncos Avenue
Box 3
San Juan, Puerto Rico 00909
Tel. (787) 977-2410
Fax: (787) 977-2411