# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. GARCIA-PEREZ ET. ALS<br><br>**Plaintiffs**<br><br>V.<br><br>ALVARO SANTAELLA ET. ALS.<br><br>**Defendants** | CIVIL NO.97-1703 (JAG) |

### ANSWER TO THE AMENDED COMPLAINT

Comes now, codefendant Adel Vargas Rodríguez, through his undersigned attorney and respectfully states and prays:

1. The allegations of paragraph one of amended complaint are admitted .

2. No allegation is entered with respect to paragraph five thru twelve of the amended complaint as they are addressed to other defendants.

3. No allegation is entered with respect to paragraph five thru twelve of the amended complaint as they are addressed to other defendants.

4. No allegation is entered with respect to paragraph five thru twelve of the amended complaint as they are addressed to other defendants.

5. As to paragraph five of the amended complaint, it is admitted that this defendant is a citizen of the United States of America and resident of the Commonwealth of Puerto Rico. It is also admitted that he shared responsibility with the hospital and other defendant doctors in the medical

care and treatment of the minor plaintiff as there is only one minor plaintiff in this case.

6. No allegation is entered with respect to paragraphs six thru twelve of the amended complaint as they are addressed to other defendants.

7. No allegation is entered with respect to paragraph seven of the amended complaint as they are addressed to other defendants.

8. No allegation is entered with respect to paragraph eight of the amended complaint as they are addressed to other defendants.

9. No allegation is entered with respect to paragraph nine of the amended complaint as they are addressed to other defendants.

10. No allegation is entered with respect to paragraph ten of the amended complaint as they are addressed to other defendants.

11. No allegation is entered with respect to paragraph eleven of the amended complaint as they are addressed to other defendants.

12. No allegation is entered with respect to paragraph twelve of the amended complaint as they are addressed to other defendants.

13. The allegations of paragraph twenty four as drafted is denied for lack of sufficient information to accept or deny it.

14. The allegations of paragraph twenty five as drafted is denied for lack of sufficient information to accept or deny it.

15. The allegations of paragraph twenty six as drafted is denied for lack of sufficient information to accept or deny it.

16. The allegations of paragraph twenty seven are admitted.

17. The allegations of paragraph twenty eight are admitted.

18. The allegations of paragraph twenty nine are admitted.

19. The allegations of paragraph thirty are neither admitted nor denied as

they are not addressed to this defendant.

20. The allegations of paragraphs thirty one through thirty eight are denied.

21. As to paragraph thirty nine, we proceed to reproduce our previous allegations.

22. No allegation is entered with respect to paragraph forty of the amended complaint as it specifically states a conclusion of law.

23. The allegations of paragraph forty one are admitted.

24. No allegation is entered with respect to paragraphs forty two and forty three of the amended complaint as they state conclusions of law although as to paragraph forty three, it is denied that defendant doctors incurred in any failure during the treatment provided by the doctors in this case during the quadruplets stay at the NICU facilities of the Ashford Presbyterian Community Hospital.

25. The allegations of paragraph forty four are denied.

26. The allegations of paragraph forty six through forty eight are neither admitted nor denied as they are not addressed to this defendant although any allegations of negligence addressed to this defendant are denied.

27. The allegations of paragraph forty nine through fifty five are denied.

## **AFFIRMATIVE DEFENSES**

1. The amended complaint falls to state a cause of action for which relief may be granted.

2. The medical treatment provided to babies born to the García Baerga family complied with all medical standards.

3. The complaint is time-barred.

4. This defendant is not responsible for any acts or omissions which may be attributable to any other codefendants.

5. The "Claims Made" insurance policy number PRM-6590, with effective date of September 30, 1999 through September 30, 2000 and retroactive date of September 30, 1994, with limits of $500,000 each medical incident and $1,000,000.00 aggregate issued by SIMED to the named insured Doctor Adel Vargas , provides coverage for alledged medical responsability actions, as agreed under the terms, conditions, exclusions and endorsements of said insurance policy.

6. SIMED denies any joint liability between the insurer and its named insured for the responsibility SIMED might have to assume under the policy issued to him. Should it be determined that the named insured is legally obligated to compensate damages, SIMED'S liability is strictly contractual in nature and up to the applicable limits for medical incident under the "Claims Made" insurance policy number PRM -6590
issued to the named insured and which applies to the present claim.

WHEREFORE, it is required that the complaint be dismissed.

RESPECTFULLY  SUBMITTED.

I HEREBY CERTIFY: That on this same date I electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Andres Guillemard, Joan Peters, Angel Del Corral, Igor Dominguez, Doris Quiñones, Pedro J. Cordova, Alexis Mattei-Barrios, José H. Vivas and Roberto Ruiz Comas.

In San Juan, Puerto Rico, this 4th day of November, 2004.

PEDRO TOLEDO LAW OFFICES
JULIO BOGORICIN BUILDING
SUITE L-06, LOBBY
PONCE DE LEON AVE. 1606
SANTURCE, PUERTO RICO
00909
Tel. (787) 721-0650
Fax. (787) 722-3375