IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. GARCIA PEREZ, ET AL<br><br>Plaintiffs<br><br>vs.<br><br>ALVARO SANTAELLA, M.D., ET AL<br><br>Defendants | CIVIL NO. 97-1703 (JAG)<br><br><br>JURY TRIAL DEMANDED |

**MOTION TO STRIKE**

**TO THE HONORABLE COURT:**

Comes now American International Insurance Company of Puerto Rico, Inc., hereinafter AIICO, through the undersigned attorneys, and without submitting to the jurisdiction of this Honorable Court, respectfully states and prays as follows:

1. On October 18, 2004, Plaintiffs served the appearing party with summons, the Complaint and the Amended Complaint. By way of a Court order entered on November 5, 2004, the District Court granted the appearing party until December 5, 2004 to answer the Amended Complaint or otherwise submit it's responsive pleading. (Refer to Docket Entry 239).

2. On October 28, 2004, Plaintiffs filed a Motion in Limine. As per the Motion in Limine, Plaintiffs seek a legal determination by the Court as to the extent of coverage afforded under the various policies issued to the Defendants.

1

       Plaintiffs allege that their claims for medical malpractice constitute separate claims or incidents such that the aggregate limit available under each of the Defendants policies are activated.

3. We respectfully submit that the filing of a Motion in Limine, which deals with evidentiary matters, is not the appropriate mechanism for asserting the type of legal controversy raised by Plaintiffs. In the absence of an appropriate mechanism to raise a legal question, the Plaintiffs Motion in Limine should be stricken from the record.

4. Motions in limine deal with matters which should be taken up with the Court before the commencement of a trial. The purpose of motions in limine, which are literally motions at the threshold of trial, is to obtain a ruling excluding evidence until such time as the Court has sufficient legal and factual information to make a final ruling on the admissibility of evidence. See generally **United States v. Holmquist**, 36 F. 3d 154, 163 (1st Cir. 1994).

5. Although motions in limine are commonly utilized, the trial court is not required to rule on them. **Hendrix v. Raybestos Manhattan, Inc**., 776 F. 2d 1492, 1503 (11th Cir. 1985). It necessarily follows that rulings on motions in limine are within the discretion of the court and as such, an in limine ruling is essentially an advisory opinion by the court subject to change during the course of the trial. **Sales v. State Farm Fire & Cas. Co.**, 632 F. Supp. 435,

436 (N.D. Ga. 1986).

6. From the face of their Motion in Limine, it is apparent that Plaintiffs are not seeking a threshold determination as to an evidentiary matter. The introduction to their Motion in Limine clearly seeks a legal determination as to the extent of coverage.

7. By the same token, the conclusion of the Plaintiffs motion asserts that "...the above case law, as applied to the facts of this case, demonstrates that as a matter of law, the aggregate liability limit of the defendants' insurance policies are applicable to this action." (Refer to page 6 of Plaintiffs Motion in Limine).

8. We submit that issues relating to the extent of coverage are legal, and not evidentiary in nature and should not be resolved by way of a motion in limine. In the absence of the formalities inherent to summary judgment motion practice, we request that the Plaintiffs motion in limine be stricken from the record.

9. In the alternative, in the event that the Court allows the motion in limine, the appearing party requests a term of thirty (30) days from the date of the Court's ruling on the present motion, within which to file an opposition to Plaintiffs motion in limine.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of this Motion and strike Plaintiffs Motion in Limine. In the alternative, in the event that the Court allows the motion in limine, the appearing party requests a term of thirty (30) days

from the date of the Court's ruling on the present motion to strike.

**I hereby certify** that on November 9, 2004, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Andres Guillemard Noble, Esq., Joan S. Peters, Esq., Pedro J. Cordova, Esq., Angel R. De Corral Juliá, Esq., Marta E. Vilá Báez, Esq., Roberto Ruiz Comas, Esq., José Enrique Otero, Esq., José Hector Vivas, Esq., Igor J. Dominguez, Esq., Doris Quiñones Tridas, Esq., and Pedro Toledo González, Esq.

**Respectfully Submitted** in San Juan, Puerto Rico on this 9th of November, 2004.

S/ JEANNETTE LOPEZ DE VICTORIA
JEANNETTE LÓPEZ DE VICTORIA
BAR NUMBER 205101

S/ ISABEL GUILLEN BERMUDEZ
BAR NUMBER 214206

PINTO-LUGO, OLIVERAS & ORTIZ, PSC
P.O. Box 9024098
San Juan, P.R. 00902-4098
Tel.  787-724-8103
Fax.  787-724-8152