97-3125, 99-4360, 99-4361,
99-4365, 99-4378, 99-4383SV

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS A. GARCIA PEREZ, ET AL.<br><br>Plaintiffs<br><br>V.<br><br>ALVARO SANTAELLA, M.D., ET AL.<br><br>Defendants | CIVIL NO. 97-1703 (DRD)<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## ANSWER TO AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

    **COME NOW** co-defendant, Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria (hereinafter referred to as "SIMED"), as insurance carrier of Drs. Alvaro Santaella Jiménez, Iván Terón Méndez, Mildred D. Quiñónes Pardo, Amaury Vélez Torres, Alberto de la Vega and Adel Vargas Rodríguez, and respectfully state and request as follows:

### I.     INTRODUCTION

    Introduction in the Amended Complaint requires no responsive pleading, since it is a procedural brief of allegations.

### II.     PARTIES

    1.     Averments in paragraph number 1 of the Amended Complaint are accepted.

2. Averments contained in paragraphs numbers 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 14 and 15 are not directed to the appearing party; therefore, no responsive pleading is required.

3. Averments contained in paragraph number 13 are accepted.

### III.   JURISDICTION AN D VENUE

4. Averments contained in paragraphs number 16, 17 and 18 are legal statements that does not require a responsive pleading from the appearing party. Inasmuch as a responsive pleading is required, averments are denied.

### IV.   THE FACTS

5. As to paragraph number 19, SIMED realleges the answers contained in paragraphs number 1, 2, 3 and 4.

6. Averments contained in paragraph number 20 are admitted based on information delivered to be true.

7. Averments contained in the first sentence of paragraph number 21 are admitted. The remaining averments are denied based on information believed to be true.

8. Averments contained in paragraph number 22 are legal statements that do not require an answer from SIMED. Inasmuch as an answer is required, the same are denied.

9. Averments contained in paragraph number 23 are admitted.

10. Averments contained in paragraph number 24 are admitted based on information believed to be true.

11. Averments contained in paragraphs number 25 and 26 are legal statements that do not require a responsive pleading. Inasmuch as an answer is required, the same are denied.

12. Averments contained in paragraphs number 27 and 28 are admitted.

13. Averments contained in paragraphs number 29, 30, 31 and 32 are denied.

14. Averments contained in paragraphs number 33, 34, 35, 36 and 37 are denied for lack of knowledge and information to plead.

15. Averments contained in paragraph number 38 are denied.

IV.   CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS

16. As to paragraph number 39 of the Amended Complaint, SIMED realleges each answer contained in the above paragraphs.

17. Averments contained in paragraph number 40 are legal statements that do not require a responsive pleading.

18. Averments contained in paragraphs number 41 and 42 are accepted.

19. Averments contained in paragraphs number 43 and 44 are denied.

20. Averments contained in paragraphs number 45, 46 and 47 are not directed to the appearing party and refer to a question of law; therefore, no responsive pleading is required from SIMED.

21. SIMED admits from paragraph number 48, that is the insurance carrier of Dr. Alvaro A. Santaella Jiménez, Dr. Iván Terón Méndez, Dr. Mildred Quiñónes Pardo, Dr. Amaury Vélez Torres, Dr. Alberto de la Vega and Dr. Adel Vargas Rodríguez. SIMED's liability is limited to the terms, conditions and exclusions of each of the policy contracts.

22.     Averments contained in paragraph number 49 are denied. SIMED affirmatively alleges that it is no a joint tortfesor and its liabilities are contained in its policy contracts.

23.     Averments contained in paragraphs number 50, 51, 52, and 53 are denied.

24.     Averments contained in paragraphs number 54 and 55 are legal statements that do not require a responsive pleading. Inasmuch as an answer is required, the same are denied.

**AFFIRMATIVE DEFENSES**

1.     SIMED is the insurance carrier that issued the "Claims Made" medical malpractice insurance policy #PRM-4135, with coverage up to $250,000 for medical incident, with an aggregate of $500,000 and effective date from February 2, 1997 to February 2, 1998 and retroactive date to February 2, 1987. SIMED's legal liability regarding Dr. Alvaro A. Santaella Jiménez's policy is pursuant to its own terms, conditions, exceptions and endorsements. The possible liability of SIMED is contractual in nature and it is subject to its own terms, as expressed in the insurance contract. SIMED is entitled to raise any defenses it may have under said insurance contract. Furthermore, any joint liability allegations are denied.

2.     SIMED is the insurance carrier that issued the "Claims Made" medical malpractice insurance policy #PRM-5082, with coverage up to $100,000 for medical incident, with an aggregate of $300,000 and effective date from August 3, 1999 to August 3, 2000 and retroactive date to August 3, 1992. SIMED's legal liability regarding Dr. Mildred D. Quiñónes Pardo's policy is pursuant to its own terms, limits, conditions, exceptions and endorsements. The possible liability of SIMED is contractual in nature and

it is subject to its own terms, as expressed in the insurance contract. SIMED is entitled to raise any defenses it may have under said insurance contract. Furthermore, any joint liability allegations are denied.

3. SIMED is the insurance carrier that issued the "Claims Made" medical malpractice insurance policy #PRM-6896, with coverage up to $100,000 for medical incident, with an aggregate of $300,000 and effective date from March 29, 1999 to March 29, 2000, with retroactive date to March 29, 1995. SIMED's legal liability regarding Dr. Iván Terón Méndez's policy is pursuant to its own terms, limits, conditions, exceptions and endorsements. The possible liability of SIMED is contractual in nature and it is subject to its own terms, as expressed in the insurance contract. Furthermore, any joint liability allegations are denied.

4. SIMED is the insurance carrier that issued the "Claims Made" medical malpractice insurance policy #PRM-4823, with coverage up to $100,000 for medical incident, with an aggregate of $300,000 and effective from April 14, 1997 to April 14, 1998 and retroactive date to April 14, 1986. SIMED's legal liability regarding Dr. Amaury Vélez Torres' policy is pursuant to its own terms, limits, conditions, exceptions and endorsements. The possible liability of SIMED is contractual in nature and it is subject to its own terms, as expressed in the insurance contract. Furthermore, any joint liability allegations are denied.

5. SIMED is the insurance carrier that issued the "Claims Made" medical malpractice insurance policy #PRM-1317, with coverage up to $250,000 for medical incident, with an aggregate of $500,000 and effective from June 4, 1999 to June 4, 2000 and retroactive date to June 4, 1994. SIMED's legal liability regarding Dr. Alberto de la Vega's policy is pursuant to its own terms, limits, conditions, exceptions and endorsements. The possible liability of SIMED is contractual in nature and it is subject to its own terms, as expressed in the insurance contract. Furthermore, any joint liability allegations are denied.

6. SIMED is the insurance carrier that issued the "Claims Made" medical malpractice insurance policy #PRM-6590, with coverage up to $500,000 for medical incident with an aggregate of $1 million, effective from September 30, 1999 to September 30, 2000 and retroactive date to September 30, 1994. SIMED's legal liability regarding Dr. Adel Vargas Rodríguez's policy is pursuant to its own terms, limits, conditions, exceptions and endorsements. The possible liability of SIMED is contractual in nature and it is subject to its own terms, as expressed in the insurance contract. Furthermore, any joint liability allegations are denied.

7. This Honorable Court lacks subject matter, personal and supplemental jurisdiction to entertain every and all of the claims as alleged in the Amended Complaint.

8. The claim is totally or partially time barred, as to the plaintiffs, Carlos A. García and Gisela Baerga.

9. There exists no causal relationship between the appearing party's acts and/or omissions and plaintiffs damages.

10. In the hypothesis that plaintiffs are entitled to any relief, which is hereby denied, they have not mitigated those damages.

11 The damage for which plaintiffs claim was caused, totally or partially by negligent acts of third parties for which the appearing party is not liable.

12. Plaintiffs have suffered no damages as a consequence of defendant's actions and/or omissions.

13. The appearing defendants hereby reserves the right to allege any other defenses that may come to its knowledge in due cause of proceedings. SIMED's policy excludes coverage for any violation of law or any criminal act.

**WHEREFORE,** the appearing co-defendant, SIMED, very respectfully requests this Honorable Court to dismiss with prejudice the Amended Complaint against it with imposition of costs and attorneys fees.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Andrés Guillemard Noble, Esq; Pedro J. Córdova, Esq.; Angel del Corral, Esq.; José Héctor Vivas, Esq.; Doris Quiñónes Tridas, Esq.; Roberto Ruiz Comas, Esq.; Igor J. Domínguez, Esq.; José L. González Castañer, Esq.; Marta Irene Feliciano Montilla, Esq.; Alexis D. Mattei Berríos, Esq.; Raphael Pena Ramón, Esq.; Ricardo L. Rodríguez Padilla, Esq.; Joan Schlump Peters, Esq.; José Enrique Otero, Esp. and Pedro Toledo González, Esq.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of November, 2004.

    **S/Gilda del C. Cruz Martino**
    **GILDA DEL C. CRUZ MARTINO**
    USDC NO. 206508
    SIMED
    COUNSEL FOR SIMED as insurance carrier of Drs. Alvaro A. Santaella Jiménez, Iván Terrón Méndez, Mildred D. Quiñónez Pardo, Amaury Vélez Torres, Alberto de la Vega and Adel Vargas Rodríguez

    CENTRO EUROPA BUILDING
    PONCE DE LEON 1492, SUITE 401
    SAN JUAN, PR 00907-4117
    P.O. BOX 9023875
    SAN JUAN, PR 00902-3875
    TEL: (787) 641-1437 (787) 641-1434
    FAX: (787) 723-0014
    E-MAIL: cruzg@simedpr.com