## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS A. GARCIA PEREZ, ET AL** | **CIVIL NO. 97-1703 (JAG)** |
| **Plaintiffs** | |
| **vs.** | |
| | **JURY TRIAL DEMANDED** |
| **ALVARO SANTAELLA, M.D., ET AL** | |
| **Defendants** | |

### ANSWER TO THE AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

Comes now American International Insurance Company of Puerto Rico, Inc., hereinafter AIICO, through the undersigned attorneys, and without submitting to the jurisdiction of this Honorable Court, respectfully submits it's Answer to the Amended Complaint as follows:

1.    The averments set forth in Paragraph 1 of the Amended Complaint do not require a responsive pleading from the appearing party.

2.    The averments set forth in Paragraphs 2,3,4,5,6,7,8,9,10,11,13,14 and 15 of the Amended Complaint refer to another co-defendant and as such, do not require a responsive pleading from the appearing party.

3.    The averments set forth in Paragraph 12 of the Amended Complaint regarding AIICO's state of incorporation and principal place of business are admitted.

1

The remainder of the averments set forth in Paragraph 12 of the Amended Complaint are denied as drafted, and it is expressly averred that the extent, if any, of AIICO's liability is subject to the terms, conditions, limits, endorsements and exclusions.

4.    The averments set forth in Paragraph 16,17 and 18 of the Amended Complaint are jurisdictional and/or legal in nature, and as such, do not require a responsive pleading from the appearing party.

5.    With regard to the averments set forth in Paragraph 19 of the Amended Complaint, the appearing party incorporates by reference it's responses to averments 1-18 as if reiterated herein in their entirety.

6.    The averments set forth in Paragraphs 20 and 21 of the Amended Complaint refer to another co-defendant and as such, do not require a responsive pleading from the appearing party.

7.    The averments set forth in Paragraph 22 of the Amended Complaint are expressly denied.

8.    The averments set forth in Paragraph 23 of the Amended Complaint are admitted.

9.    The averments set forth in paragraph 24 of the Amended Complaint are denied as drafted.

10.   The averments set forth in Paragraphs 25 of the Amended Complaint refer to another co-defendant and as such, do not require a responsive pleading from

the appearing party.

11.    The averments set forth in Paragraph 26 of the Amended Complaint are denied.

12.    The averments set forth in Paragraph 27 of the Amended Complaint are admitted.

13.    The averments set forth in Paragraph 28 of the Amended Complaint are denied as drafted.

14.    The averments set forth in Paragraph 29 of the Amended Complaint refer to other codefendants and as such, do not require a responsive pleading from the appearing party.

15.    The averments set forth in Paragraph 30 of the Amended Complaint are denied.

16.     The averments set forth in Paragraph 31 of the Amended Complaint are denied.

17.    The averments set forth in Paragraph 32 of the Amended Complaint are denied.

18.    The averments set forth in Paragraph 33 of the Amended Complaint are denied.

19.    The averments set forth in Paragraph 34 of the Amended Complaint are denied.

20.    The averments set forth in Paragraph 35 of the Amended Complaint are

3

denied.

21. The averments set forth in Paragraph 36 of the Amended Complaint are denied.

22. The averments set forth in Paragraph 37 of the Amended Complaint are denied.

23. The averments set forth in Paragraph 38 of the Amended Complaint are denied.

24. With regard to the averments set forth in Paragraph 39 of the Amended Complaint, the appearing party incorporates by reference it's responses to averments 1-38 as if reiterated herein in their entirety.

25. The averments set forth in Paragraph 40 of the Amended Complaint are legal in nature and as such, do not require a responsive pleading from the appearing party.

26. The averments set forth in Paragraph 41 of the Amended Complaint refer to other co-defendants and as such, do not require a responsive pleading from the appearing party.

27. The averments set forth in Paragraph 42 of the Amended Complaint refer to other co-defendants and as such, do not require a responsive pleading from the appearing party.

28. The averments set forth in Paragraph 43 of the Amended Complaint refer to other co-defendants and as such, do not require a responsive pleading from the

4

appearing party.

29.    The averments set forth in Paragraph 44 of the Amended Complaint refer to other co-defendants and as such, do not require a responsive pleading from the appearing party.

30.    The averments set forth in Paragraph 45 of the Amended Complaint are expressly denied.

31.    The averments set forth in Paragraph 46 of the Amended Complaint are expressly denied.

32.    The averments set forth in Paragraph 47 of the Amended Complaint are expressly denied.

33.    The averments set forth in Paragraph 48 of the Amended Complaint as they refer to AIICO, are expressly denied.

34.    The averments set forth in Paragraph 49 of the Amended Complaint are expressly denied.

35.    The averments set forth in Paragraph 50 of the Amended Complaint are expressly denied.

36.    The averments set forth in Paragraph 51 of the Amended Complaint are expressly denied.

37.    The averments set forth in Paragraph 52 of the Amended Complaint are expressly denied.

38.    The averments set forth in Paragraph 53 of the Amended Complaint are

expressly denied.

39.    The averments set forth in Paragraph 54 of the Amended Complaint are expressly denied.

40.    The averments set forth in Paragraph 55 of the Amended Complaint are expressly denied.

## AFFIRMATIVE DEFENSES

1.    The Court lacks subject matter jurisdiction over the present cause of action.

2.    The Court lacks in personam jurisdiction over the appearing party.

4.    The Amended Complaint fails to state a claim for which relief can be granted.

5.    The damages claimed in the Amended Complaint are grossly exaggerated and speculative.

6.    The Plaintiffs have failed to mitigate their damages.

7.    The damages claimed in the Amended Complaint are due to a congenital and/or pre-existing condition for which the appearing party is not responsible.

8.    The policy issued by AIICO for the benefit of the Hospital is subject to it's terms, conditions, limits, exclusions and endorsements.

9.     Venue in this district court is improper.

10.    The damages claimed in the Amended Complaint are due to the sole fault and negligence of third parties who are not under the control of the appearing codefendants.

11.    The damages claimed in the Amended Complaint are the result of the

6

decedents' pre-existing condition and are not causally related to any actions on behalf of the appearing codefendant.

12.    The damages claimed in the Amended Complaint are due to the sole fault or negligence of the Plaintiffs.

13.    The damages claimed by Plaintiffs are not related and/or were not caused by the treatment, care or services rendered to the Plaintiffs.

14.    The Amended Complaint as drafted does not establish a causal relationship between the  damages claimed  and the alleged negligence of the Hospital. Nonetheless, should the appearing  party be held liable for any negligent acts on the part of the Hospital, which is expressly denied, it would only be in such proportion as it is determined by the contributory negligence of the Plaintiffs.

15.    The Amended Complaint is completely or partially time barred.

16.    Alternatively, the facts alleged in the Amended Complaint were due to the Plaintiffs own negligence and/or the negligence of third parties who are beyond the control of the appearing codefendant and for whose actions AIICO is not under a duty to compensate the Plaintiffs.

17.    The defenses relating to cases of misdiagnosis are raised herein.

18.    Plaintiffs have failed to mitigate their damages.

19.    The Plaintiffs  received competent medical treatment in compliance with the best practice of medicine, not only by hospital personnel, but also by the physicians that treated the latter.

7

20.    Plaintiffs have failed to join and/or include indispensable parties as per the provisions of FRCP Rule 19.

21.    The appearing codefendant does not waive any additional defenses that may become apparent during the course of discovery in these proceedings and expressly reserves the right to amend it's Answer to the Amended Complaint.

22.    The appearing party expressly reserves the right to file third party complaints and/or cross claims.

**WHEREFORE**, it is respectfully requested that the Honorable Court take notice of this answer to the Amended Complaint and dismiss the same with prejudice.

**I hereby certify** that on December 6th, 2004, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Andres Guillemard Noble, Esq., Joan S. Peters, Esq., Pedro J. Cordova, Esq., Angel R. De Corral Juliá, Esq., Marta E. Vilá Báez, Esq., Roberto Ruiz Comas, Esq., José Enrique Otero, Esq., José Hector Vivas, Esq., Igor J. Dominguez, Esq., Doris Quiñones Tridas, Esq., and Pedro Toledo González, Esq.

**Respectfully Submitted** in San Juan, Puerto Rico on this 6th of December, 2004.

S/ **JEANNETTE LOPEZ DE VICTORIA**
JEANNETTE  LÓPEZ DE VICTORIA
BAR NUMBER **205101**

S/ **ISABEL GUILLEN BERMUDEZ**
**BAR NUMBER 214206**

**PINTO-LUGO, OLIVERAS & ORTIZ, PSC**
P.O. Box 9024098
San Juan, P.R. 00902-4098
Tel.    787-724-8103
Fax.    787-724-8152