029-97/oppo2-3-05.n

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS A. GARCIA-PEREZ,** **et al.,** <br><br> Plaintiffs, <br><br> v. <br><br> **ALVARO SANTAELLA, MD, et al.,** <br><br> Defendants. | Civil No. 97-1703 (JAG) |

**PLAINTIFFS' OPPOSITION TO DR. TERON'S
MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COME NOW the plaintiffs, through the undersigned attorneys, and to this Honorable Court respectfully state and pray:

1.      Defendant Dr. Iván Terón Méndez filed a motion for summary judgment alleging that there is no genuine issues of disputed fact regarding Dr. Terón's treatment of the plaintiff quadruplets within the standard of care. Defendant presents no argument in support of such assertion, but merely relies on his Statement of Uncontested Material Facts ("SUMF") and exhibits thereto.

2.      The central premise of defendants' SUMF is that plaintiffs' expert witness, Dr. Kenneth Harkavy, did not present evidence in his deposition of a claim against Dr. Terón. This argument is disingenuous at best. First of all, the deposition of Dr. Harkavy was taken by

029-97/oppo2-3-05.n

defendants, not plaintiffs. Secondly, the testimony only establishes that certain incidents or acts were determined not to be the responsibility of Dr. Terón. Nowhere in the deposition testimony does Dr. Harkavy state or infer that in his opinion there are no valid claims against Dr. Terón. Moreover, defendants never even asked Dr. Harkavy in his deposition whether he had an opinion, or the basis therefore, as to the negligence of Dr. Terón.

3. The defendant's assertion in paragraph 2 of his SUMF that Dr. Harkavy's August 9, 1999 report does not mention any acts or omissions of Dr. Terón is misleading. As recognized in defendant's motion for summary judgment at page 1, plaintiffs did not include Dr. Terón as a defendant until the filing of their Amended Complaint on September 22, 2004. Therefore, Dr. Harkavy's report in 1999 only identified the two defendants at the time: Ashford Presbyterian Community Hospital and Dr. Alvaro Santaella. See Statement Under Penalty of Perjury of Dr. Harkavy ("Statement") attached as Exhibit 1 to plaintiffs' Statement of Contested Material Facts. However the issues of care discussed in the report pertained to all doctors who cared for the quadruplets, including Dr. Terón, as specifically set forth in Dr. Harkavy's Statement.

4. Defendants' motion for summary judgment relies on the deposition testimony of Dr. Harkavy, his August, 1999 report, and the report of Dr. Terón's expert witness. The two expert reports of course present conflicting opinions as to the care of the plaintiff quadruplets, and in and of themselves, establish that there are disputed issues of material fact that prevent summary judgment. It is the proper province of the jury to weigh the credibility of the experts and the evidence and their differing opinions, not this Court on a summary judgment motion. At this

029-97/oppo2-3-05.n

stage there is "no room for the measured weighing of conflicting evidence such as the trial process entails," nor for the judge to rely on his own ideas of probability and likelihood. Greenburg v. Puerto Rico Maritime Shipping Authority, 835 F. 2d 932, 936 (1st Cir. 1997).

5. Defendants have failed to meet their burden of proving the absence of a genuine issue of material fact. See De Novellis v. Shalala, 124 F. 3d 298, 306 (1st Cir. 1997). Accordingly, viewing the facts in the light most favorable to plaintiffs, defendant's motion for summary judgment should be denied.

WHEREFORE, plaintiffs respectfully request that this Honorable Court deny defendant's motion for summary judgment.

Respectfully submitted.

In San Juan, Puerto Rico, this 3rd day of February, 2005.

**I HEREBY CERTIFY**: That I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pedro J. Córdova, Esq., P.O. Box 9023998, San Juan, Puerto Rico 00902-3998; Angel R. de Corral-Juliá, Esq., De Corral & De Mier, 130 Eleonor Roosevelt, San Juan, Puerto Rico 00918-3105; Marta E. Vilá-Báez, Esq., Sánchez, Betances & Sifre, P.O. Box 195055, San Juan, Puerto Rico 00919-5055; Roberto Ruiz-Comas, Esq., González Pando Plaza, 1181 Jesús T. Piñeiro Avenue, San Juan, Puerto Rico 00920-5604; José Enrique Otero, Esq., P.O. Box 9023933, San Juan, Puerto Rico 00902-3933; José Héctor Vivas, Esq., Vivas & Vivas, P.O. Box 330951, Ponce, Puerto Rico 00733-0951; Igor J. Domínguez, Esq., 652 Muñoz Rivera Avenue, Suite 3125, Hato Rey, Puerto Rico 00918-4261; Doris Quiñones-Tridas, Esq., 113 Padre Las Casas, Suite 601, Urb. El Vedado, San Juan, Puerto Rico 00918-3116; Pedro Toledo-González, Esq., Julio Bogoricin Building, Office L-06, Lobby, 1606 Ponce de León Avenue, Santurce, Puerto Rico 00909; Gilda del C. Cruz Martino, Esq., P.O. Box 9023875, San Juan, Puerto Rico 00902-3875; Jeannette López de Victoria, Esq., Isabel Guillén Bermúdez, Esq., Pinto Lugo, Oliveras & Ortiz, P.O. Box 9024098, San Juan, Puerto Rico 00902-4098.

s/ Joan S. Peters
**Joan S. Peters**
USDC-PR 207409
e-mail: nrodriguez@guillemardlaw.com

029-97/oppo2-3-05.n

s/ Andrés Guillemard-Noble
**Andrés Guillemard-Noble**
USDC-PR 207308
e-mail: aguillemard@guillemardlaw.com

**NACHMAN & GUILLEMARD**
Attorneys for Plaintiffs
P.O. Box 9949
San Juan, Puerto Rico 00908
Tel. (787) 724-1212; Fax (787) 725-1339