029-97/SCMF2-3-05.n

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS A. GARCIA-PEREZ, et al.,** | |
| Plaintiffs, | Civil No. 97-1703 (JAG) |
| v. | |
| **ALVARO SANTAELLA, MD, et al.,** | |
| Defendants. | |

**PLAINTIFFS' OPPOSING STATEMENT
OF CONTESTED MATERIAL FACTS**

TO THE HONORABLE COURT:

COME NOW the plaintiffs, through the undersigned attorneys, and to this Honorable Court respectfully state and pray:

Local Rule 56(c) requires that a party opposing summary judgment "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts." Accordingly, plaintiffs hereby separately address the numbered paragraphs of defendant's Statement of Uncontested Material Facts ("SUMF").

1.      Denied as stated. Plaintiffs do not rely solely on the deposition testimony of Dr. Kenneth Harkavy, which was testimony only elicited by defendants, but also rely on his August 9, 1999 report as it pertains to Dr. Terón's shifts, the deposition testimony of Dr. Terón, and the statement under penalty of perjury of Dr. Harkavy, attached hereto as **Exhibit 1**.

- 1 -

029-97/SCMF2-3-05.n

2.      Denied.  Although the report does not specifically mention Dr. Terón because he had not yet been included as a defendant in this action, the report discusses many different acts or omissions that deviated from the standard of care for which Dr. Terón is responsible during his shifts.  See Dr. Harkavy's statement, Exhibit 1.

3.      Denied as stated.  The specific testimony relied on by defendants in their SUMF does not inculpate Dr. Terón, but the testimony pertaining to issues of maintaining oxygen levels and proper blood gas levels, including pH and $PCO_2$, do pertain to Dr. Terón's shifts.  See Dr. Harkavy's statement, Exhibit 1.  Moreover, there is nothing in the deposition testimony that establishes that Dr. Terón did not incur in any negligence in the care of the quadruplets.

4.      Admitted.

5.      Admitted, with the clarification of the last sentence that Dr. Harkavy's cited testimony regarding Baby B is merely that even if Dr. Terón had properly treated the sepsis on May 20, 1996, it would have been too late, thus his failure to properly treat for sepsis on the 20th "probably did not make a difference in the baby's survival."  See defendants' Exh. 2, p. 250.  This testimony was strictly limited to the treatment of Baby B for sepsis, and did not include other care issues.

6.      Admitted, with the clarification of the last sentence that the reason that Dr. Harkavy did not testify as to any other acts or omissions of Dr. Terón regarding Baby C was because such questions were not posed by defendants in the deposition.

7.      Admitted.

8.      Denied.  See Dr. Harkavy's Statement, paras. 8, 9, Exhibit 1.

- 2 -

029-97/SCMF2-3-05.n

9.     Admitted, but this does not absolve Dr. Terón of responsibility for his acts and omissions that deviated from the standard of care during his shifts.  See also, Dr. Harkavy's Statement.  Also, it is denied that "Dr. Harkavy testified that it was the nurses' responsibility to adjust the oxygen levels."  The cited testimony says no such thing.  Dr. Harkavy's testimony throughout his deposition was that it is the responsibility of the doctors, with the assistance of the nursing staff, to establish the oxygen saturation level parameters.  See defendants' Exhibit 2, at pp. 54-55.  See also, Dr. Harkavy's Statement, para. 8.  Dr. Terón himself admitted that it is the physician's responsibility.  See Id., para. 6, and Exhibit A thereto.

10.     Admitted, however Dr. Garner's conclusion is disputed by Dr. Harkavy, as evidenced in Dr. Harkavy's Statement, August Report and deposition testimony.

WHEREFORE, plaintiffs respectfully request that this Honorable Court take notice of the above Statement of Contested Material Facts that establishes material issues of fact in dispute which prevent summary judgment.

Respectfully submitted.

In San Juan, Puerto Rico, this 3rd day of February, 2005.

**I HEREBY CERTIFY**: That I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pedro J. Córdova, Esq., P.O. Box 9023998, San Juan, Puerto Rico 00902-3998; Angel R. de Corral-Juliá, Esq., De Corral & De Mier, 130 Eleonor Roosevelt, San Juan, Puerto Rico 00918-3105; Marta E. Vilá-Báez, Esq., Sánchez, Betances & Sifre, P.O. Box 195055, San Juan, Puerto Rico 00919-5055; Roberto Ruiz-Comas, Esq., González Pando Plaza, 1181 Jesús T. Piñeiro Avenue, San Juan, Puerto Rico  00920-5604; José Enrique Otero, Esq., P.O. Box 9023933, San Juan, Puerto Rico 00902-3933; José Héctor Vivas, Esq., Vivas & Vivas, P.O. Box 330951, Ponce, Puerto Rico 00733-0951; Igor J. Domínguez, Esq., 652 Muñoz Rivera Avenue, Suite 3125, Hato Rey, Puerto Rico 00918-4261; Doris Quiñones-Tridas, Esq., 113 Padre Las Casas, Suite 601, Urb. El Vedado, San Juan, Puerto Rico 00918-3116; Pedro Toledo-González, Esq., Julio Bogoricin Building, Office L-06, Lobby, 1606 Ponce de León Avenue, Santurce, Puerto Rico 00909; Gilda del C. Cruz Martino, Esq., P.O. Box 9023875, San Juan, Puerto Rico 00902-3875; Jeannette López de

029-97/SCMF2-3-05.n

Victoria, Esq., Isabel Guillén Bermúdez, Esq., Pinto Lugo, Oliveras & Ortiz, P.O. Box 9024098, San Juan, Puerto Rico 00902-4098.

s/ Joan S. Peters
**Joan S. Peters**
USDC-PR 207409
e-mail: nrodriguez@guillemardlaw.com

s/ Andrés Guillemard-Noble
**Andrés Guillemard-Noble**
USDC-PR 207308
e-mail: aguillemard@guillemardlaw.com

**NACHMAN & GUILLEMARD**
Attorneys for Plaintiffs
P.O. Box 9949
San Juan, Puerto Rico 00908
Tel. (787) 724-1212; Fax (787) 725-1339