029-97/mpsj4-5-05.jp

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARLOS A. GARCIA-PEREZ, et al.,**<br><br>    Plaintiffs,<br><br>        v.<br><br>**ALVARO SANTAELLA, MD, et al.,**<br><br>    Defendants. | Civil No. 97-1703 (JAG) |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE COURT:

COME NOW the plaintiffs, through the undersigned attorneys, and to this Honorable Court respectfully state and pray:

**<u>Introduction</u>**

Plaintiffs are filing this motion for partial summary judgment seeking a determination by this Honorable Court that, as a matter of law, the plaintiffs' claims for medical malpractice constitute separate claims or "incidents," such that the "aggregate" limitation of liability provision for each of the defendants' insurance policies should apply. There are no material issues of fact in dispute that would prevent such a finding by this Court.

**<u>Summary Judgment Standard</u>**

Summary Judgment should be granted when the evidence shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

- 1 -

029-97/mpsj4-5-05.jp

Fed.R.Civ.P. 56(c).  Summary judgment serves an important goal ""not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."" F.C. Imports v. First Nat'l Bank of Boston, N.A., 816 F. Supp. 78, 85 (D.P.R. 1993) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)).  Summary judgment is particularly appropriate when the questions to be decided are issues of law.  Flath v. Garrison Pub. Sch. Dist., 82 F. 3d 244, 246 (8th Cir. 1996).  An example of a "pure law" question susceptible to partial summary judgment includes the interpretation of constitutions and statutes.  See, e.g. Edwards v. Aguillard, 482 U.S. 578, 595-596, 107 S.Ct. 2573, 2583-84 (1987).

A movant may ask the court to dispose of "any part" of a case and render a partial summary judgment, Fed. R.Civ. P. 56(a).  A partial summary judgment is merely a pretrial adjudication that certain issues are deemed established for the trial of the case, FDIC v. Massingil, 24 F.3d 768, 774 (5th Cir. 1994), supplemented on rehearing, 30 F.3d 601 (5th Cir.1994); 1946 Notes to Fed.R.Civ.P. 56 at ¶3.  This adjudication is similar to a preliminary order under Fed.R.Civ.P 16(c)(14) and serves the purpose of speeding up litigation by eliminating, before trial, those matters in which there is no genuine issue of fact.  1946 Notes to Fed.R.Civ.P. 56 at ¶3.

## The Insurance Policies

Plaintiffs have attached hereto as exhibits to this motion for partial summary judgment the insurance policies that pertain to each of the defendants.  The defendant Ashford Presbyterian Community Hospital ("Hospital") is insured by defendant American International Insurance

029-97/mpsj4-5-05.jp

Company of Puerto Rico ("AIICO").  The defendant doctors Alvaro Santaella, Adel Vargas, Iván

Terón, Amaury Vélez, Alberto de la Vega, and Mildred Quiñones are insured by defendant

Sindicato de Aseguradores Para la Suscripción Conjunta de Seguro de Responsabilidad

Profesional Médico-Hospitalaria ("SIMED").  The defendant doctor María Casado is insured by

PHICO Insurance Company, which is now in liquidation, and is substituted by the Guaranty

Association of Miscellaneous Insurance of Puerto Rico.

The undisputed fact is that the professional liability policies of each defendant provides a

limit of liability for "each medical incident" and also an "aggregate" liability limit.  For example,

Dr. Adel Vargas' policy with SIMED provides coverage up to $100,000.00 for "each medical

incident," and up to $300,000.00 for the "aggregate."  The amount of coverage varies per

defendant, however, what is pertinent to the instant motion is that each policy provides a coverage

amount per medical incident and per aggregate.  The issue presented is which coverage limit

applies in the instant action.

The SIMED policy distinguishes the two different coverage limits as follows:

> The total liability of the Syndicate for all damages because of all
> injury to which this policy applies shall not exceed the limit of
> liability stated in the declarations as "aggregate."

> Subject to the above provision with respect to "aggregate," the total
> liability of the Syndicate for all damages because of all injury
> arising out of any one medical incident shall not exceed the limit of
> liability stated in the declarations as applicable to "each medical
> incident."

See page 4 of each SIMED policy attached hereto.  Medical incident is defined as: "Any act or

omission ... in the furnishing of professional medical ... services by the Insured.  Any such act or

029-97/mpsj4-5-05.jp

omission, together with all related acts or omissions in the furnishing of such services to **any one person** shall be considered one medical incident." See page 5 of each SIMED policy. (Emphasis provided.)

The AIICO and the PHICO policies provide virtually identical language in their limits of liability and the definition of a medical incident as pertaining to "any one person." See AIICO policy at p. 7; PHICO policy at pages 8 and 20.

The undisputed facts and applicable case law demonstrate that the defendants herein did not provide medical services to only one person, but rather to four separate persons, resulting in four separate medical incidents. Accordingly, the aggregate limit is applicable.

### The Pertinent Undisputed Facts

This action involves claims of medical malpractice in the care of plaintiff quadruplets, resulting in the death of three and permanent injuries to the fourth. The quadruplets were born at the Hospital on May 6, 1996. María Génesis died on May 8, 1996, at the Hospital, followed by Adriana Marie on May 13, and Ana Carolina on May 21, 1996. The cause of death for each infant is different. Carla Isabel remained at the Hospital until her transfer to Miami Children's Hospital on June 21, 1996. The complaint alleges a cause of action on behalf of each of the quadruplets, as well as their parents. Certainly each of the quadruplets and the parents could have brought separate, individual suits for their injuries suffered.

### The Legal Precedent and Analysis

Most malpractice liability policies, including the ones herein, contain a "limitation of liability" clause, which specifies the amount of damages for which the insured will be covered

- 4 -

029-97/mpsj4-5-05.jp

both for each claim, or incident, and in the aggregate. The aggregate is the total amount of coverage provided by the policy. See 3-12 The Law of Liability Insurance, Section 12.04, Matthew Bender & Co.

The language of the policies in question is clear and unambiguous. The policies insure damages caused by a medical incident, which is defined as the provision of services to "any one person." Without doubt then, the instant action does not present one medical incident, but rather four (at a minimum) medical incidents, thereby invoking the aggregate limit of liability.

Pursuant to Title 26, Section 1114 of the Puerto Rico Civil Code, language in an insurance policy is to be construed according to the "'most common and usual meaning, ... paying attention ... to the general use and popular meaning of the idioms.'" Daniels-Recio v. Hospital del Maestro, 109 F. 3d 88, 91 (1st Cir. 1997), quoting Morales Garay v. Roldán Coss, 110 D.P.R. 701, 110 P.R.R. 909, 916 (1981). Daniels-Recio also provides that: "Moreover, 'insurance contracts, being contracts of adhesion, are to be liberally construed in favor of the insured.'" Id. (Citations omitted.) Accordingly, in Daniels-Recio, the First Circuit construed the insurance contract as providing the maximum coverage for the plaintiff patient (i.e. against the insurance company).

In Rodríguez v. Maryland Casualty Company, 369 F. Supp. 1144 (D.P.R. 1971), Judge Bownes determined that the aggregate coverage limit was applicable in a medical malpractice suit involving the death of a woman, where claims were brought by the widower and their ten children. The Fifth Circuit has held that the factor that controls the limits of liability under a medical malpractice insurance policy is the number of injuries or deaths resulting from the malpractice. Guaranty Nat'l Ins. Co. v. North River Ins. Co., 909 F. 2d 133 (5th Cir. 1990). The

029-97/mpsj4-5-05.jp

court found that because the action was based on the death of one person, the single claim limit and not the aggregate claim limit of a hospital's professional liability policy applied. Applying the same reasoning to the instant action, the multiple deaths and injuries herein mandate that the aggregate claim limit is applicable.

Indeed, even where just one person is involved, the Eleventh Circuit has found the aggregate claim limit applicable. In <u>Colbert Co. Hosp. Bd. v. Bellefonte Ins. Co.</u>, 725 F. 2d 651 (11th Cir. 1984), a patient filed a single action alleging three separate injuries arising out of three separate hospital admissions for three operations to remove body fat, which resulted in severe scarring. The court reasoned that plaintiff could have filed suit for only one or two of the three operations she underwent at the hospital. Or she could have filed three separate suits, just like plaintiffs herein could have done. The court ruled that these allegations constituted three separate claims under the hospital's insurance policy, invoking the aggregate claim limit, rather than the per incident limit.

Similarly, in <u>Wiltshire</u> v. <u>Government of Virgin Islands</u>, 893 F.2d 629 (3rd Cir. 1990), the Third Circuit determined that one plaintiff, a premature infant, was the victim of three separate occurrences of medical malpractice before her release from the hospital and was thus entitled to receive the maximum per occurrence, or incident, limit for each of the three occurrences. In the instant action, where there are four premature infants, each alleging different and multiple occurrences of negligence throughout their varying time in the hospital, there can be no question that at a minimum, each infant plaintiff is entitled to the single incident limit, which results in the maximum, or aggregate limit per insurance policy of each defendant.

- 6 -

029-97/mpsj4-5-05.jp

Moreover, the instant action not only involved three deaths and extensive injuries to the surviving quadruplet, but the claims of the parents as well.  In <u>Pinheiro v. Medical Malpractice Joint Underwriting Assoc. of Mass</u>, 547 N.E. 2d 49 (Mass. 1989), an insured physician was sued for malpractice by a patient and for loss of consortium by the patient's wife and daughter.  The policy's limit was $100,000.00 for each claim and an aggregate limit of $300,000.00 for all claims.  The insurer argued that since the wife's and daughter's actions were derivative in nature, the three claims constituted only one claim under the meaning of the policy.  The court disagreed, reasoning that the policy language, "injury to any one person" was broad enough to include consortium injuries.

<u>**Conclusion**</u>

The above case law, as applied to the undisputed facts of this case, demonstrate that, as a matter of law, the aggregate liability limits of the defendants' insurance policies are applicable to this action. The interpretation of language in an insurance contract is a legal issue which is ripe for resolution by this Court.

WHEREFORE, plaintiffs respectfully request that this Honorable Court grant plaintiffs' Motion for Partial Summary Judgment.

Respectfully submitted.

In San Juan, Puerto Rico, this 5th day of April, 2005.

**I HEREBY CERTIFY**: That I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Pedro J. Córdova, Esq., P.O. Box 9023998, San Juan, Puerto Rico 00902-3998; Angel R. de Corral-Juliá, Esq., De Corral & De Mier, 130 Eleonor Roosevelt, San Juan, Puerto Rico 00918-3105; Marta E. Vilá-Báez, Esq., Sánchez, Betances & Sifre, P.O. Box 195055, San Juan, Puerto Rico 00919-5055; Roberto Ruiz-Comas, Esq., González Pando Plaza, 1181 Jesús T. Piñeiro Avenue, San Juan,

029-97/mpsj4-5-05.jp

Puerto Rico  00920-5604; José Enrique Otero, Esq., P.O. Box 9023933, San Juan, Puerto Rico 00902-3933; José Héctor Vivas, Esq., Vivas & Vivas, P.O. Box 330951, Ponce, Puerto Rico 00733-0951; Igor J. Domínguez, Esq., 652 Muñoz Rivera Avenue, Suite 3125, Hato Rey, Puerto Rico 00918-4261; Doris Quiñones-Tridas, Esq., 1413 Fernández Juncos, Box 3, San Juan, Puerto Rico 00909; Pedro Toledo-González, Esq., Julio Bogoricin Building, Office L-06, Lobby, 1606 Ponce de León Avenue, Santurce, Puerto Rico 00909; Gilda del C. Cruz Martino, Esq., P.O. Box 9023875, San Juan, Puerto Rico 00902-3875; Jeannette López de Victoria, Esq., Isabel Guillén Bermúdez, Esq., Pinto Lugo, Oliveras & Ortiz, P.O. Box 9024098, San Juan, Puerto Rico 00902-4098.

s/ Joan S. Peters
**Joan S. Peters**
USDC-PR 207409
e-mail: nrodriguez@guillemardlaw.com

s/ Andrés Guillemard-Noble
**Andrés Guillemard-Noble**
USDC-PR 207308
e-mail: aguillemard@guillemardlaw.com

**NACHMAN & GUILLEMARD**
Attorneys for Plaintiffs
P.O. Box 9949
San Juan, Puerto Rico 00908
Tel. (787) 724-1212; Fax (787) 725-1339