Ashford
Presb. Comm.
Hospital

PENGAD-Bayonne, N. J.

Your Insurance Policy  From



American International Insurance Company of Puerto Rico
San Juan, Puerto Rico

A Member Company of
American International Group

**Endorsement No.**          9

**Insured:**                 **PRESBYTERIAN COMMUNITY HOSPITAL
                             D/B/A ASHFORD PRESBYTERIAN COMMUNITY
                             HOSPITAL**

Certifico, que de acuerdo a los documentos en
el expediente de esta compañía, esta es una
copia fiel de la póliza original entregada al
asegurado.

**Policy No.:**              169-01016

**Effective Date:**          August 30, 1996



American International Insurance
Company of Puerto Rico

Póliza Núm. *169-01016*

Por: _____

Nombre ____ RAQUEL ESQUERDO ____

Título ____ Countersignature Manager ____

In consideration of an additional premium of $48,000.00, it is hereby understood
and agreed that under Form L6927 [Hospital Professional Liability Insurance] the
Retroactive Date is amended to read July 1, 1976.

All other terms and conditions of this policy remain unchanged.

**Nothing herein contained shall be held to vary, alter, waive or change any of the terms,
limits or conditions of the Policy, except as hereinabove set forth.**

AMERICAN INT'L. INS. CO. OF PR

Vidal & Rodriguez (205)
**2-20-97**
REM

By:_____

### American International Insurance Company of Puerto Rico

## UMBRELLA LIABILITY POLICY
### DECLARATIONS

Certifico, que de acuerdo a los documentos en el expediente de esta compañía, esta es una copia fiel de la póliza original entregada al asegurado.

**Policy No.   169-01016**

RENEWAL OF 169-01003

**ITEM 1.**
**Name of Insured Address Town, State)**

PRESBYTERIAN COMMUNITY HOSPITAL  D/B/A
ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL
1451 ASHFORD AVENUE
SANTURCE, PUERTO RICO  00906

American International Insurance Company of Puerto Rico

Póliza Núm. _169-01016_

Por: _____

Nombre _____  RAQUEL ESQUERDO
Countersignature Manager

Título _____

This Declaration page, with policy provisions and endorsements, if any, issued to form part thereof, completes the above numbered Umbrella Liability Policy.

Business of Insured:        **HOSPITAL**

**ITEM 2.**
**Policy Period**

From:  AUGUST 30, 1996        To:  AUGUST 30, 1997

(12:01 A.M. Standard Time at the address of the Insured Stated above)

**ITEM 3.**
**Limit of Liability**

The limit of the Company's liability shall be as stated herein subject to all the terms of this policy having reference thereto

(A) $1,000,000.00  Single Limit any one occurrence Personal Injury or Property Damage or Advertising Liability or any combination thereof.

in excess of

(1) the amount recoverable under underlying insurance as set out in the attached Schedule A.

or

As per Schedule of

or

AS PER SCHEDULE OF

(2) SUNDERLYING INSURANCE ultimate net loss in respect of each occurrence not covered by said underlying insurance.

(B) $ 3,000,000.00  in the aggregate for each annual period in accordance with Insuring Agreement III.

**ITEM 4.**
**Premium Computation**

| Rating Basis | Estimate Exposure | Rate FLAT | Estimated Premium $138,000.00 |
|---|---|---|---|
| Deposit Premium $138,000.00 | Minimum Premium $     N/A | | Audit Period N/A |

**ITEM 5.**
**Endorsements Attached at Inception**

SEE SCHEDULE ATTACHED

Date  of Issue 9-06-96
Vidal & Rodriguez - (205)
REM

Countersigned by _____

AMERICAN INT'L. INS. CO. OF P.R.

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

REVISED 9-24-96

# SCHEDULE OF UNDERLYING INSURANCE

| ISSUED TO: | PRESBYTERIAN COMMUNITY HOSPITAL, INC.    D/B/A |
|---|---|
| | ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL |

| TYPE OF POLICY OR COVERAGE | INSURER | LIMITS OF INSURANCE |
|---|---|---|
| Commercial General Liability including Products | NOT COVERED | General Aggregate Limit (Other than Products-Completed Operations) $ _____ <br><br> Products-Completed Operations Aggre $ _____ <br><br> Each Occurrence Limit $ _____ <br><br> Combined Single Limit $ _____ each occurrence and aggregate |
| Automobile Liability | NOT COVERED | Bodily Injury Liability $ _____ each person $ _____ each accident <br><br> Property Damage Liability $ _____ each accident <br><br> Combined Single Limit $ _____ |
| Employers' Liability | NOT COVERED | Employers' Liability Coverage "B" Employees $ _____ each accident |
| Hospital Professional Liability | Self Insured Retention (See Endorsement No. 1) | $ $10,000.00 each medical incident <br> $ 100,000.00 aggregate |

**Attached to and forming part of Policy** ___169-01016___ **of the American International Insurance Company of Puerto Rico.**

AMERICAN INTERNATIONAL INS. CO. OF P.R.

By: _____
Authorized Representative

# *American International Insurance Company of Puerto Rico*

## OFFICIAL MANDATORY ENDORSEMENT

### ISSUED PURSUANT TO SECTION 38.160 OF THE INSURANCE CODE OF PUERTO RICO

### RECOVERY OF ASSESSMENTS PAID TO THE PUERTO RICO PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION

It is hereby understood and agreed that:

1. The total amount charged for this policy and any endorsement thereof includes, in addition to the premium, an amount determined by the Commissioner of Insurance of Puerto Rico for the purpose of recovering the unreimbursed assessments paid by the Company to the Puerto Rico Property and Casualty Insurance Guaranty Association.

2. The payment of the total amount referred to in item 1 above, or of the applicable amount under a payment plan pursuant to Rule XXIX of the Regulations of the Insurance Code of Puerto Rico, is required for a personal policy to become effective.

3. The payment of the total amount referred to in item 1 above is required for a commercial policy to remain in force, as provided for under Rule LV of the Regulations of the Insurance Code of Puerto Rico.

4. The portion paid, but not yet earned, of the total amount referred to in item 1 above will be returned in the event this policy is canceled.

Attached to and forming part of Policy No. __169-01016__

OCS38160

# SCHEDULE OF ENDORSEMENTS

## POLICY NO. 169-01016

| | |
|---|---|
| NO. 1 | DESCRIPTION OF UNDERLYING SELF INSURED RETENTION |
| NO. 2 | CARE, CUSTODY AND CONTROL EXCLUSION |
| NO. 3 | NUCLEAR ENERGY LIABILITY |
| NO. 4 | ADDITIONAL INSURED - EMPLOYEES |
| NO. 5 | DISCRIMINATION, HUMILIATION AND MENTAL ANGUISH EXCLUSION |
| NO. 6 | RADIOACTIVE MATERIAL EXCLUSION |
| NO. 7 | DIRECTORS AND OFFICERS LIAB. EXCLUSION |
| NO. 8 | LIMITATION OF COVERAGE FOR PRIOR ACTS |
| L-6927 | HOSPITAL PROFESSIONAL LIABILITY INSURANCE |
| OCS38160 | OFFICIAL MANDATORY ENDORSEMENT |
| U-206 | ABSOLUTE ASBESTOS EXCLUSION |
| U-239 | ABSOLUTE POLLUTION EXCLUSION |
| U-298 | EMPLOYMENT RELATED PRACTICES |
| U-299 | INSOLVENCY ENDORSEMENT |
| U-300 | SECURITIES AND FINANCIAL INTEREST EXCLUSION |
| U-301 | ERISA EXCLUSION |
| U-254 | UNIMPAIRED AGGREGATE |
| 50383 | CROSS SUITS EXCLUSION |
| 50475 | MINIMUM EARNED PREMIUM |

GL 00 21(Ed. 01-81)

# HOSPITAL PROFESSIONAL LIABILITY INSURANCE
## (CLAIMS MADE)

L6927
(Ed. 1-81)

For attachment to Policy No. 169-01016 _____ , to complete said policy.

## SCHEDULE

The insurance afforded is only with respect to the following Coverage as indicated by specific premium charge. The limit of the company's liability against such Coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverage | | | | |
|---|---|---|---|---|
| O--Hospital Professional Liability | | Limits of Liability | | |
| Retroactive Date **July 30, 1987** | $1,000,000✗✗✗✗ dollars each medical incident | | $3,000,000✗✗✗✗ dollars aggregate | |
| Description of Hazards: State Name; whether operated not-for-profit: Kind of cases cared for: School of Medicine in charge | | Premium Bases | Rates | Advance Premium |
| HOSPITAL | | (a) Beds (b) Out-Patient Visits **(a) Beds** | (a) each (b) Per 100 | **Included** |
| Form numbers of endorsements attached at issue | **SEE ATTACHED SCHEDULE** | | | $ **Included** |
| Minimum Premium Per Location per Annum $ | | | Total Advance Premium $ | |

## I. COVERAGE O--HOSPITAL PROFESSIONAL LIABILITY

The Company will pay on behalf of the **insured** all sums which the **insured** shall be legally obligated to pay as damages because of injury to which this insurance applies caused by a **medical incident**, occurring subsequent to the retroactive date, for which claim is first made against the **insured** and reported to the company during the policy period.

The Company shall have the right and duty to defend any suit against the **insured** seeking damages because of such injury even if any of the allegations of the suit are groundless, false, or fraudulent. The company may make such investigation and settlement of any claim or suit as it deems expedient. The Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgment or settlements.

### EXCLUSIONS
The insurance does not apply:

(a)  to **bodily injury** to any employee of the **insured** arising out of and in the course of that person's employment by the **insured**;

(b)  to any obligation for which the **insured** or any carrier acting as insurer may be held liable under any worker's compensation, unemployment compensation, or disability benefits law or under any similar law;

(c)  to liability of an **insured**, if an individual, for such **insured's** personal acts or omissions involving a **medical incident**;

(d)  to injury arising out of the ownership, maintenance, operation, use, loading or unloading of any motor vehicle, trailer, watercraft or aircraft.

## II. WHEN CLAIM IS TO BE CONSIDERED AS FIRST MADE

A claim for injury shall be considered as being first made at the earlier of the following times:

(a)  when the **insured** first gives written notice to the company that a claim has been made, or

(b)  when the **insured** first gives written notice to the company of specific circumstances involving a particular person which may result in a claim. Reports of incidents made by the **insured** to the company as part of engineering or loss control services shall not be considered notice of a claim.

(c)  claims arising out of the same **medical incident** shall be considered as having been made at the time the first claim is made.

## III. PERSONS INSURED

Each of the following is an **insured** under this insurance to the extent set forth below:

(a)  the **named insured**;

(b)  if the **named insured** is designated in the declarations as a partnership any partner thereof, but only with respect to that partner's liability as such;

(c)  if the **named insured** is designated in the declarations as other than an individual or partnership, any executive officer, hospital administrator stockholder or member of the board of directors, trustees or governors of the **named insured** while acting within the scope of that person's duties as such.

## IV. LIMITS OF LIABILITY

Regardless of the number of **insureds** under this insurance or of the number of claims made or suits brought, the company's liability is limited as follows:

The total liability of the company for all damages because of all injury to which this insurance applies shall not exceed the limit of liability stated in the schedule as "aggregate"

Subject to the above provisions with respect to "aggregate" the total liability of the company for all damages because of all injury arising out of any one **medical incident** shall not exceed the limit of liability stated in the schedule as applicable to "each **medical incident**"

## V. POLICY TERRITORY

This insurance applies to damages for injury caused by a **medical incident** anywhere in the world, provided the original suit for such damages is brought within the United States of America, its territories or possessions, Puerto Rico or Canada.

## VI. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsement forming a part of a policy):

"**extended reporting period**" means the time after the end of the policy period for reporting claims arising out of a **medical incident** occurring subsequent to the retroactive date and prior to the end of the policy and otherwise covered by this insurance.

"**medical incident**" means any act or omission:

(a)  in the furnishing of professional health care services including the furnishing of food, beverages, medications or appliances in connection with such services and the postmortem handling of human bodies, or

(b)  arising out of **service** by any persons as members of a formal accreditation, standards review or similar professional board or committee of the **named insured** or as a person charged with executing the directives of such board or committee.

Any such act or omission, together with all related acts or omissions in the furnishing of such service to **any one person** shall be considered one medical incident "**suit**" includes an arbitration proceedings to which the **insured** is required to submit or to which the **insured** has submitted with the company's consent.

## VII. AMENDED CONDITION

With reference to this insurance, Condition 4--INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT is replaced by the following

| | | |
|---|---|---|
| *ENDORSEMENT NO* | : | **U-206** |

*POLICY NO.* **169-01016**

| | | |
|---|---|---|
| *INSURED* | : | **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL** |
| *EFFECTIVE DATE* | : | **August 30, 1996** |

## ABSOLUTE ASBESTOS EXCLUSION

It is agreed that this policy shall not apply:

A.  To any liability for property damage, personal injury, sickness, disease, occupational disease, disability, shock, death, mental anguish or mental injury at any time arising out of the manufacture of, mining of, use of, sale of, installation of, removal of, distribution of, or exposure to asbestos products, asbestos fibers or asbestos dust;

B.  To any obligation of the insured to indemnify any party because of damages arising out of such property damage, personal injury, sickness, disease, occupational disease, disability, shock, death, mental anguish or mental injury at any time as a result of manufacture of, mining of, use of, sale of, installation of, removal of, distribution of or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust;

C.  To any obligation to defend any suit or claim against the insured alleging personal injury, or property damage and seeking damages, if such suit or claim arises from personal injury or property damage resulting from or contributed to, by any and all manufacture of, mining of, use of, sales of, installation of, removal of, distribution of, or exposure to asbestos, asbestos products, asbestos fibers or asbestos dust.

Further, should the underlying limits become impaired or exhausted for claim(s), payment(s), and/or loss adjustment expense(s) excluded by this endorsement, coverage provided by this policy will not drop down over the impaired or exhausted underlying limits, however, the policy will continue to respond for covered claims in excess of the limits stated in the declarations page as underlying.

*Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.*

*AMERICAN INTERNATIONAL INS. CO. OF P.R.*

By:_____

RAQUEL ESQUERDO
Countersignature Manager

*ENDORSEMENT NO*     :     <u>**U-239**</u>         *POLICY NO.* <u>**169-01016**</u>

*INSURED*     :     <u>**PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A**</u>
                      <u>**ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**</u>

*EFFECTIVE DATE*     :     <u>**August 30, 1996**</u>

## <u>ABSOLUTE POLLUTION EXCLUSION</u>

It is agreed that this policy shall not apply:

A.     To any personal injury or property damage arising out of the actual or threatened, discharge, dispersal, release or escape of pollutants, anywhere in the world;

B.     To any loss, cost or expense arising out of any governmental direction or request that the insured, the company or any other person or organization test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants;

C.     To any loss, cost or expense, including but not limited to costs of investigation or attorney's fees, incurred by a governmental unit or any other person or organization to test for, monitor, clean-up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalies, chemicals and waste material. Waste materials includes materials which are intended to be or have been recycled, reconditioned or reclaimed.

Further, should the underlying limits become impaired or exhausted for claim(s), payment(s), and/or loss adjustment expense(s) excluded by this endorsement, coverage provided by this policy will not drop down over the impaired or exhausted underlying limits, however, the policy will continue to respond for covered claims in excess of the limits stated in the declarations page as underlying.

*Nothing herein contained shall be held to vary, alter, waive or change any of the terms limits or conditions of the policy, except as hereinabove set forth.*

AMERICAN INTERNATIONAL INS. CO. OF P.R.

By: _____
             RAQUEL ESQUERDO
            Countersignature Manager

ENDORSEMENT NO :   **U-298**                                          *POLICY NO.* **169-01016**

INSURED                :   **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A**
                            **ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**

EFFECTIVE DATE   :   **August 30, 1996**


## EMPLOYMENT-RELATED PRACTICES EXCLUSION


It is agreed that this policy shall not cover or apply to any of the liability for Personal Injury as defined in this policy, arising out of:

    (1)     Refusal to employ;

    (2)     Termination of employment;

    (3)     Coercion, demotion, evaluation, reassignment, discipline, defamation, harrassment, humiliation, discrimination, or other employment-related practices, policies, acts or omissions; or

    (4)     Consequential "personal injury" as a result of (1) through (3) above.


Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.

AMERICAN INTERNATIONAL INS. CO. OF P.R.


By: _____

                        RAQUEL ESQUERDO
                 Countersignature Manager

*ENDORSEMENT NO*:   **U-299**                          *POLICY NO.*   **169-01016**

*INSURED*              :   **PRESBYTERIAN COMMUNITY HOSPITAL INC., D/B/A
                             ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**

*EFFECTIVE DATE*   :   **AUGUST 30, 1996**

## INSOLVENCY OF UNDERLYING INSURER

In the event of bankruptcy of insolvency of any "underlying insurer", the insurance afforded by this Coverage Part shall not replace such "underlying insurance", but shall apply as if the "underlying insurance", was valid and collectible.

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.

AMERICAN INTERNATIONAL INS. CO. OF P.R.

By: _____   _____

                   RAQUEL ESQUERDO
                   Countersignature Manager

*ENDORSEMENT NO*       :    **U-300**                          *POLICY NO.* **169-01016**

*INSURED*              :    **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A**
                            **ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**

*EFFECTIVE DATE*       :    **August 30, 1996**


## SECURITIES AND FINANCIAL INTEREST EXCLUSION

It is understood and agreed that this insurance does not apply to any "Personal Injury" and "Property Damage" arising out of or by reason of:

1.  The purchase, or sale, or offer of sale, or solicitation of any security, debt, bank deposit or financial interest or instrument;

2.  Any representations made at any time in relation to the price or value of any security, debt, bank deposit or financial interest or instrument; or

3.  Any depreciation or decline in price or value of any security, debt, bank deposit or financial interest or instrument.

It is furthermore understood and agreed that we have no obligations to defend or pay for the defense of any claim that may allege any of the foregoing.

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.

AMERICAN INTERNATIONAL INS. CO. OF P.R.


By: _____

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

ENDORSEMENT NO   :   **U-301**                    POLICY NO. **169-01016**

INSURED            :   **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A
                        ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**

EFFECTIVE DATE     :   **August 30, 1996**


## ERISA EXCLUSION

It is agreed that coverage afforded under this policy shall not apply as respects to any obligations incurred or imposed upon an insured (or which is imputed to an insured) under the "Employee Retirement Income Security Act of 1974" Public Law 93-406 and any law amendatory thereof.


Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.

AMERICAN INT'L INS. CO. OF P.R.

By: _____
    Authorized Representative
            RAQUEL ESQUERDO
        Countersignature Manager

*ENDORSEMENT NO*          :   **U-254**

                                                              *POLICY NO.* **169-01016**

*INSURED*                      :   **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**

*EFFECTIVE DATE*          :   **August 30, 1996**


## UNIMPAIRED PRIMARY AGGREGATE LIMIT ENDORSEMENT

It is agreed that the underlying aggregate limit is in full effect as of the inception date of the policy to which this endorsement is attached, and may be reduced only by payment of claims arising out of occurrence taking place during the period of this policy.


Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.


AMERICAN INTERNATIONAL INS. CO. OF P.R.


By: _____
            Authorized Representative
                RAQUEL ESQUERDO
            Countersignature Manager

Endorsement #50383

This endorsement, effective 12:01 A.M. <u>**August 30, 1996**</u> forms a part of Policy No. <u>**169- 01016**</u> issued to <u>**PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**</u> by AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO

## CROSS SUITS EXCLUSION

It is agreed that the coverage afforded by this policy does not apply to a claim for damages arising out of bodily injury or property damage as defined, initiated, alleged, or caused to be brought about by a Named Insured or Additional Named Insured covered by this policy against any other Named Insured or Additional Named Insured covered by this policy.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.

By: _____

Authorized Representative

**RAQUEL ESQUERDO**
Countersignature Manager

Endorsement #50475

This endorsement, effective 12:01 A.M. **August 30, 1996** forms a part of   Policy No. **169- 01016** issued   to   **PRESBYTERIAN   COMMUNITY   HOSPITAL,   INC.   D/B/A   ASHFORD PRESBYTERIAN   COMMUNITY   HOSPITAL** by   AMERICAN   INTERNATIONAL INSURANCE  COMPANY  OF  PUERTO  RICO

## MINIMUM EARNED PREMIUM

It is understood and agreed that in the event of cancellation of this policy by or at the direction of the insured, the Company shall retain a Minimum Earned Premium of 25% of total policy premium.

It is further agreed that the provision regarding cancellation by the insured is amended to read:

"If the insured cancels this policy, earned premium will be computed in accordance with the customary short-rate table and procedure, or the Minimum Earned Premium stated herein, whichever is greater".

All other terms and conditions of this policy remain unchanged.

AMERICAN INT'L INSURANCE  CO OF P.R.

By: _____

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

Endorsement # 1

This endorsement, effective 12:01 A.M.  __August 30, 1996__  forms a part of  Policy No.  __169 - 01016__ issued   to   **PRESBYTERIAN   COMMUNITY   HOSPITAL,   INC.,   D/B/A   ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL**  by AMERICAN INTERNATIONAL INSURANCE COMPANY  OF  PUERTO RICO

## DESCRIPTION OF UNDERLYING SELF INSURED RETENTION

It is understood and agreed that the Named Insured will maintain a Self Insured Retention (Primary Insurance) of $10,000 each medical incident/$100,000 aggregate covering Hospital Professional Liability.

It is warranted that indemnity payments and allocated loss adjustment expenses will exhaust the Underlying Self-Insured Retention. The retroactive date for the claims made coverage will be 7/30/87.

It is further agreed that in the absence of a specific primary policy due to the Self- Insured Retention (SIR), the coverage afforded by the Self-Insured Retention for Hospital Professional is in accordance with the endorsements listed below and attached hereto:

| | |
|---|---|
| Hospital Professional Liability------------------------------------------- | Endorsement L6927 |
| Nuclear Energy Liability Exclusion------------------------------ | Endorsement #3 |
| Additional Insured (Employees)------------------------------- | Endorsement #4 |
| Pollution Exclusion--------------------------------------------- | Endorsement U-239 |
| Asbestos Exclusion--------------------------------------------- | Endorsement U-206 |
| Discrimination, Humiliation  Mental Anguish Exclusion----- | Endorsement #5 |
| Cross Suits Exclusion------------------------------------------- | Endorsement #50383 |
| Securities and Financial Interest Exclusion--------------------- | Endorsement U-300 |
| Employee Personal Injury Exclusion----------------------------- | Endorsement #50505 |

It is also understood and agreed that each reference to the Company on the above forms is amended to apply to the Self-Insured Retention.

All other terms and conditions of this policy remain unchanged.

AMERICAN  INTERNATIONAL  INSURANCE  CO.  OF  P.R.

By: _____

Authorized Representative
**RAQUEL ESQUERDO**
**Countersignature Manager**

Endorsement #2

This endorsement, effective 12:01 A.M.  __August 30, 1996__  forms a part of Policy

No. __169 - 01016__ issued to **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/BA**

**ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL** by AMERICAN INTERNATIONAL

INSURANCE COMPANY OF PUERTO RICO

## CARE, CUSTODY AND CONTROL EXCLUSION

It is agreed that no coverages under this policy apply to damages arising out of:

(1)    Property owned or occupied by or rented to the insured.

(2)    Property used by the insured, or

(3)    Property in the care custody or control of the insured or as to which the insured is for any purpose exercising control.

All other terms and conditions of this policy remain unchanged.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.

By: _____

Authorized Representative

RAQUEL ESQUERDO
Countersignature Manager

Endorsement # 3

## NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT
(Broad Form)

This endorsement, effective 12:01 A.M.  **August 30, 1996** forms a part of Policy No. **169- 01016** issued to **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL** by AMERICAN INTERNATIONAL INSURANCE    COMPANY    OF PUERTO RICO

It is agreed that:

I.    This policy does no apply:

A.    Under any Liability Coverage, to personal injury or property damage.

(1)    With respect to which an insured under this policy is also an insured under a Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2)    Resulting from the hazardous properties of nuclear material and with respect to which:

(a)    any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or

(b)    the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement any person or organization.

B.    Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expense incurred with respect to personal injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

C.    Under any Liability Coverage, to personal injury or property damage resulting from the hazardous properties or nuclear material, if:

(1)    The nuclear material

(a) is at any nuclear facility owned by or operated by or on behalf of, an insured or

(b) has been discharged or dispersed therefrom;

(2)    The nuclear material contained in spent fuel or waste at any time possessed, handled, used, processed stored, transported or disposed of by or on behalf of an insured; or

Page 1 of 2

(3)     The <u>personal injury</u> or <u>property damage</u> arises out of the furnishing by an insured of services, materials, parts or equipment in connection wit the planning, construction, maintenance, operation or use of any <u>nuclear facility</u>, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to <u>property damage</u> to such nuclear facility and any property thereat.

II.   As used in this endorsement:

"<u>hazardous properties</u>" include radioactive, toxic or explosive properties;

"<u>nuclear material</u>" means <u>source material</u>, <u>special nuclear material</u> or <u>by-product material</u>" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"<u>spent fuel</u>" means any fuel element or fuel component, solid or liquid, which has been used or exposed to Radiation in a <u>nuclear reactor</u>;

"<u>waste</u>" means any waste material (1) containing <u>by-product material</u> and (2) resulting from the operation by any person or organization of any <u>nuclear facility</u> included within the definition of <u>nuclear facility</u> under paragraph (a) or (b) thereof;

"<u>nuclear facility</u>" means:

  (a)     Any <u>nuclear reactor</u>

  (b)     Any equipment or device designed or used for

          (1) separating the isotopes of uranium or plutonium,
          (2) processing or utilizing <u>spent fuel</u>,
          (3) handling, processing or packaging <u>waste</u>,

  (c)     any equipment or device used for the processing, fabricating or alloying of special nuclear materials if at any time the total amount of such material in the custody of the insured at the premises where such equipment of device is located consists of or contains more than 25 grams of plutonium or uranium  233 or any combination thereof, or more than 250 grams of uranium 235.

  (d)     Any structure, basin, excavation, premises or place prepared or used for the storage of disposal of <u>waste</u>, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"<u>nuclear reactor</u>" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"<u>property damage</u>" includes all forms of radioactive contamination of property.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.

By: _____

Authorized Representative
**RAQUEL ESQUERDO**
**Countersignature Manager**

Endorsement # 4

This endorsement, effective 12:01 A.M. **August 30, 1996** forms a part of Policy No. **169 - 01016** issued to **PRESBYTERIAL COMMUITY HOSPITAL, INC ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL** by AMERICAN INTERNATIONAL INSURANCE  COMPANY OF  PUERTO  RICO

<u>Additional Insured  (Employee)</u>

This endorsement modifies such insurance as is afforded by the policy relating to the following:

**HOSPITAL PROFESSIONAL LIABILITY INSURANCE**

It is agreed that "Persons Insured" provision is amended to include any (1) employee, (2) authorized volunteer worker, (3) student of the health care professions in training programs sponsored or controlled by the Named Insured, (4) any person or member of a formal accreditation, standard review or similar professional board or committee of the Named Insured or a person executing the directives of such a board or committee; while acting within the scope of his or her duties as such.

The insurance afforded by this endorsement does not apply:

1)   To bodily injury to (a) another employee of the Named Insured arising out of or in the course of his employment, or (b) the Named Insured or, if the Named Insured is a partnership or joint venture, any partner or member thereof;

2)   To property damage to property owned, occupied or used by, rented to, in the care, custody, or control of, or over which physical control is being exercised for any purpose by (a) another employee of the Named Insured, or (b) the Named Insured, or if the Named Insured is a partnership or joint venture, any partner or member thereof.

But part 1 (a) of this exclusion does not apply with respect to liability arising out of a medical incident as defined by Hospital Professional Liability Insurance.

Further, the insurance provided by this endorsement to any employee, volunteer, student or any person or member of a professional board or committee or person executing the directives of such a board or committee is excess of, and not contributory with and other valid and collectible insurance available to said persons.

Nothing here shall be construed to increase the limits of this policy, which are the maximum afforded, irrespective of the number of insureds designated by name or otherwise.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

AMERICAN  INTERNATIONAL  INSURANCE  CO.  OF  P.R.

By: _____

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

## Endorsement  # 5

This endorsement, effective 12:01 A.M. **August 30, 1996** forms a part of  Policy No. **69 - 01016** issued  to  **PRESBYTERIAN  COMMUNITY  HOSPITAL,  INC.  D/B/A  ASHFORD PRESBYTERIAN  COMMUNITY  HOSPITAL**  by  AMERICAN  INTERNATIONAL INSURANCE  COMPANY  OF  PUERTO  RICO

### DISCRIMINATION, HUMILIATION, AND MENTAL ANGUISH EXCLUSION

In consideration of the premium charged, it is agreed that this policy shall not apply to any claim resulting from discrimination based on, but not limited to race, color, creed, sex, religion, age, national origin, physical handicap, sexual preference, etc., whether or not for alleged violation of any federal, state or local governmental law or regulation prohibiting such discrimination.

It is further agreed that this policy shall not apply to any claim resulting from humiliation or mental anguish, arising out of discrimination.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.

By: _____

Authorized Representative
**RAQUEL ESQUERDO**
Countersignature Manager

Endorsement # 6

This endorsement, effective 12:01 A.M. **August 30, 1996** forms a part of Policy No. **169- 01016** issued to **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL** by AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO

## RADIOACTIVE MATERIAL ENDORSEMENT

It is agreed that the insurance afforded under any coverage part of this policy does not apply to any claims, losses or expenses arising out of the Insured selling or disposing of any radioactive material or equipment.

All other terms and conditions of this policy remain unchanged.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.

By::  _____

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

Endorsement # 7

This endorsement, effective 12:01 A.M. **August 30, 1996** forms a part of Policy No. **169- 01016** issued to **PRESBYTERIAN COMMUNITY HOSPITAL, INC. D/B/A ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL** by AMERICAN INTERNATIONAL INSURANCE COMPANY OF PUERTO RICO

## DIRECTORS AND OFFICERS LIABILITY EXCLUSION

In consideration of the premium charged, it is agreed that coverage afforded by this policy shall not apply to any director and/or officer of the Named Insured by reason of any wrongful act committed in their capacity as a director and/or officer of the Named Insured. It is further agreed that the term "wrongful act" shall be defined as, but not limited to, any breach of duty, neglect, error, misstatement, misleading statement, omission or other act actually done or wrongfully attempted by any director and/or officer claimed against them solely by reason of their capacity as such.

All other terms and conditions of this policy remain unchanged.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R.

By: _____

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

Endorsement # 8

This endorsement,   effective  12:01 A.M. **August 30, 1996** forms a part of   Policy No. **169- 01016** issued   to    **PRESBYTERIAN   COMMUNITY   HOSPITAL,   INC.   D/B/A   ASHFORD PRESBYTERIAN   COMMUNITY   HOSPITAL**  by   AMERICAN   INTERNATIONAL INSURANCE   COMPANY   OF   PUERTO   RICO

## LIMITATION OF COVERAGE FOR PRIOR ACTS

In consideration of the premium charged, it is understood and agreed that coverage provided by the Hospital Professional Liability-Claims Made Coverage Part shall not apply to any claims known by or reported to the Named Insured, the Company or its agents that resulted from occurrences which took place subsequent to the retroactive date and are known prior to the original policy effective date.

ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.

AMERICAN INTERNATIONAL INSURANCE CO. OF P.R

By: _____

Authorized Representative
RAQUEL ESQUERDO
Countersignature Manager

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state laws, this policy shall not be valid unless countersigned by our authorized representative.


_Brenda E. Nil_ ___ Secretary


___ President