06/11/2004   07:19 FAX

PHICO Group
One PHICO Drive
PO Box 85
Mechanicsburg, PA 17055-0085
Tel 800 382 1378   717.766.1122
Fax 717 766 2837

# NOTICE OF NON-RENEWAL

# PHICO

Named Insured/Address:   Maria P. Casado
G Becguer 2021
El Senorial
Rio Piedras, PR 00926

Policy Number:          HCL 18370
Initial Effective Date:   7/13/95
Policy Effective Date:    7/01/99

Expiration Date:          7/01/00

In accordance with the terms of the policy, the policy issued to the named insured shown above is hereby non-renewed as of 12:01 a.m. standard time on the Expiration Date shown above for the following reason(s):

Claims Activity

If you had claims-made coverage(s) on you policy, you have the right to purchase Extended Reporting Period (tail coverage) by giving written notice to PHICO Insurance Company within 60 days of the date shown below or the Cancellation Effective Date, whichever is later. Failure to obtain such coverage will result in denial of claims first made on or after the Cancellation Effective Date for medical incidents which occurred on or after the Initial Effective Date and prior to the cancellation Effective Date of your claims-made coverage(s). For a tail coverage premium quote or if you have any questions please contact your broker/agent or your PHICO underwriter.

Date Issued  4/26/00
_____
Authorized Company Representative

cc. Barros & Carrion Inc.

*Healthcare Risk Management Solutions*

06/11/2004 07:09 FAX 787-775-6635 ASOC. DE GARANTIAS PAGE 02

06/11/2004 07:09 FAX @003

# PHICO

PHICO Insurance Company
One PHICO Drive, PO Box 85
Mechanicsburg, PA 17055-0085
Tel 800.382.1378

## ADDENDUM TO DECLARATIONS

```
Managing General Agent:
DEL NIDO & ASOCIADOS INC
ROYAL BANK CTR STE 1700
PO BOX 9021804
SAN JUAN          PR 00902-1804
```

**Insured Name:** MARIA P CASADO
**Policy Number:** HC&  18370
**Policy Period:** From 07/13/1999 To 07/13/2000

AUTHORIZED COMPANY REPRESENTATIVE

2000 (7/97)

# PHICO

PHICO Insur.  Company
One PHICO L.  PO Box 85
Mechanicsburg, PA 17055-0085
Tel 800.382.1578

## RENEWAL DECLARATIONS
## HEALTH CARE PROVIDERS
## LIABILITY POLICY

| Named Insured and Address: | Producer Name and Address: |
|---|---|
| MARIA P CASADO | BARROS & CARRION INC |
| G BECGUER 2021 | PO BOX 191229 |
| EL SENORIAL | SAN JUAN          PR 00919-1229 |
| RIO PIEDRAS      PR 00926-0000 | See form 2000 for Managing General Agent |

| Policy Number: HCL    18370 | Renewal of: PPL    11688    07/13/1998   07/13/1999 |
|---|---|

**Policy Period: From 07/13/1999   To 07/13/2000**   12:01 a.m. Standard Time at the address of the named insured as stated herein.

The insurance provided is only with respect to the coverages described below for which premiums are indicated. The limit of Company's liability as respects such coverage shall be as stated below, subject to all relevant terms of this policy.

| COVERAGES | LIMITS OF LIABILITY | | INITIAL EFFECTIVE DATE | ADVANCE PREMIUM |
|---|---|---|---|---|
| | Incident | Aggregate | | |
| PL    Coverage    (CM) | 250,000 | 500,000 | SEE SCHED | |

| POLICY FORM NUMBER(S): | |
|---|---|
| 1000A (12/96)    1011   (12/96) | TOTAL PREMIUM: |
| | TOTAL ADVANCE PREMIUM: |

ENDORSEMENTS:
2000  (07/97)    3005A (06/95)    3119B (05/96)    3153A (01/97)    3200  (12/95)

PERSONS INSURED:
PL - ANY PHYSICIAN EMPLOYED BY, OR UNDER CONTRACT WITH, THE NAMED INSURED
LISTED ON THE SCHEDULE OF PHYSICIANS.

This Declarations, with the policy jacket and referenced coverage parts, the Application and endorsements issued to form a part thereof, completes the above numbered Health Care Providers Liability Policy.

Issued Date: 06/07/1999

_____
AUTHORIZED COMPANY REPRESENTATIVE

2021 (07/96)

**PHICO Insurance Company**
One PHICO Drive P.O. Box 85  Mechanicsburg, PA 17055-0085  (800) 382-1376

# IMPORTANT NOTICE TO POLICYHOLDER

This notice describes some characteristics of occurrence and claims-made coverage. It is not a policy or a comprehensive analysis. The policy alone determines the scope and limits of your insurance protection, your rights and your duties. Please read it carefully and contact your agent or broker if you have any questions.

## OCCURRENCE COVERAGES

GL Coverage, Personal Injury and Property Damage Liability,  if applicable, provides occurrence coverage for liability arising from personal injury or property damage which occurs during the policy period, no matter when a claim is made.

## CLAIMS-MADE COVERAGES

IL, PL and CL/PL Coverages, Institutional Professional Liability, Physician & Surgeons Professional Liability, and Professional Corporation Liability, if applicable, provide claims-made coverage for liability arising from bodily injury or property damage caused by a medical incident which occurs on or after the Initial Effective Date and before the end of the policy period if the claim is first made during the policy period.

Directors, Officers and Trustees, if applicable, provides claims-made coverage for liability arising from a wrongful act which occurs or occurred before the end of the policy period if the claim is first made during the policy period.

Staff Privileges Protection, if applicable, provides claims-made coverage for liability arising from a staff privileges incident which occurs on or after the Initial Effective Date indicated for such coverage and before the end of the policy period if the claim is first made during the policy period.

Employment Practices Liability, if applicable, provides claims-made coverage for liability arising from employment practices which occur on or after the Initial Effective Date indicated for such coverage and before the end of the policy period if the claim is first made during the policy period.

If an Initial Effective Date is shown on a policy Declarations, endorsement, or schedule of covered physicians, no coverage is provided for injury that occurred before that date, even if a claim is first made during the policy period.  A claim is considered first made when it is first reported to our Claims Department.  Refer to the definition of the term "Claim" and Condition 1 of your policy for specific provisions.

## TAIL OPTION FOR CLAIMS-MADE COVERAGE

Claims-made coverage includes an option to assure continuity of coverage. Upon termination of the policy for any reason, (unless otherwise provided by the policy) an extended reporting period (tail) may be purchased. Election of this option assures continuity of coverage if you are offered a replacement policy with a later Initial Effective Date than the one in your current policy. If tail is not purchased within the specified time and a claim is first made after termination of claims-made coverage, you will not have coverage under our policy. Read Condition 4 of your policy regarding availability of, and the time and payment conditions relative to the purchase of, tail coverage.

8019 (12/96)

# PHICO Insurance Company

One PHICO Drive P.O. Box 85 Mechanicsburg, PA 17055-0085 (800) 382-1376

## NOTICE TO POLICYHOLDERS

## INCURRED EXPENSES

Thank you for relying on Company to meet your insurance needs. As a Company policyholder, you can depend on us to expertly handle the investigation, defense and settlement of any claims for which you have coverage under the policy. Conversely, we must depend on you to advise us of any situation which relates to the subject matter of your insurance. We can protect your interests best when we know all the facts.

You may, at times and for various reasons, wish to absorb, write-off or pay for the cost of surgery or care resulting from incidents involving patients or visitors. When or if you do, it is important that you understand how your policy addresses these situations.

Whether an incident is reported to Company as a claim or merely filed as an incident report, Company must pre-approve any out-of-pocket costs you incur which are related to any incident which could potentially involve coverage under your policy. The policy requires this because we need to determine whether such expenses involve actual negligence or a covered injury or, alternatively, solely a desire to foster goodwill. Unless Company pre-approves these commitments, we will not reimburse such expenses now (when incurred) or in the future (in connection with a resulting claim) or consider them a part of any deductible elected under the policy.

We hope that this information clarifies this issue so that these special situations will not be the source of any misunderstanding or confusion. Please contact your broker or Company claim representative if you need answers to any questions you may have related to this matter.

8031 (12/96)

# Health Care Providers Liability Policy

*for*

The coverages provided by this policy are either claims-made or occurrence, as indicated on each coverage part. Claims-made coverages apply only to claims arising from events which *occur* on or after the Initial Effective Date stated in the Declarations and *reported* to Company while this policy is in force. You may purchase an extended reporting period (tall) for these coverages in accordance with Condition 4, General Provisions, of this policy if the policy is terminated. Occurrence coverages apply only to claims arising from events which *occur* while this policy is in force.

The General Provisions contain defense terms, conditions, definitions, and exclusions common to all coverages. These apply to each coverage part unless amended in that part or by endorsement.

This is a legal contract between you and PHICO Insurance Company ("Company"), a stock insurance Company. Please read and review the entire policy. If you have any questions, please contact your agent or broker or Company.

**IN WITNESS WHEREOF,** Company's President and Corporate Secretary have signed this policy, but it shall not be valid unless completed by a Declarations signed by a duly-authorized Company representative.

_____
Corporate Secretary

_____
President

*Thank you for relying on PHICO Insurance Company for your protection.*

*One PHICO Drive   P.O. Box 85   Mechanicsburg, PA 17055-0085*
*Tel 800.382.1378*

1000A (12/96)

# Policy Guide

## Policy Index

This policy consists of the following:

- Declarations

- Coverage Part(s)
    Each coverage part includes:
        Insuring Agreement
        Definitions
        Persons Insured
        Limits of Liability
        Exclusions

- General Provisions
    These include:
        Defense of Claims; Supplemental Payments
        General Conditions
        General Definitions
        General Exclusions

- Endorsements (As shown in the Declarations)

## Policy Assembly

The Declarations, Coverage Part(s), General Provisions, Endorsements, and the Application complete your policy. The Declarations show the coverage(s) and limits you have elected. The Coverage Parts explain and define them.

Words and phrases in **boldface** type (other than headings and subheadings) are defined in this policy unless they apply only to a coverage not elected by the **named insured**. Headings and subheadings are solely for convenience and do not form a part of the terms and conditions of coverage.

# General Provisions

## Defense of Claims; Supplemental Payments

With respect only to insurance afforded by this policy, Company shall have the right and duty to defend any claim against the insured for damages payable under this policy even if the allegations of the claim are groundless, false or fraudulent. However, Company shall not be obligated to pay any claim or judgment, or defend any claim, unless afforded the opportunity to adequately investigate and prepare a defense. Company may make such investigation and settlement of any claim in accordance with Condition 1 of the General Conditions (below).

Company shall have the sole and final authority to select and retain counsel for the defense of any insured pursuant to Company's obligations under this policy. Company shall not be obligated to pay for the services of counsel retained without Company's authorization or approval or for counsel retained by any insured for the purpose of representing either those interests of the insured for which defense or coverage is not provided under this policy or for the purpose of representing the insured with respect to any exposure for damages in excess of the limits of liability of this policy.

Except as modified by a specific coverage part, Company agrees to pay, in addition to the applicable limit of liability

(a)  expenses incurred by Company and costs taxed against the insured in any claim defended by Company;

(b)  post-judgment interest, prejudgment interest, or delay damages awarded against the insured in any claim defended by Company on that portion of the judgment that falls within the coverage provided by this policy and within the applicable limit of Company's liability as stated in the Declarations; however, if Company offers to pay its limit of liability, it will not pay such interest based on the period of time after the offer is made;

(c)  premiums on appeal bonds required in any such claim and premiums on bonds to release attachments in any claim defended by Company, not to exceed the amount to purchase bonds with face value amounts that fall within the applicable limit of Company's liability as stated in the Declarations, but Company shall have no obligation to furnish any such bonds;

(d)  reasonable expenses incurred by the insured at Company's request in assisting Company in the investigation and defense of any claim. Payment for actual loss of earnings shall not exceed $300 per day.

Company shall have no further defense and supplemental payments obligations under this policy (other than those provided under (b) immediately above) after the applicable limit of liability as stated in the Declarations has been exhausted by the payment of judgments or settlements.

Company shall not reimburse:

(a)  any costs, charges, legal expenses and legal fees, or other expenses incurred by the insured without Company's consent; or

(b)  the costs and expenses of any administrative proceeding, hearing or similar process (whether provided for by the articles or bylaws of the named insured, or otherwise) other than those included within in the definition of claim.

Company may, at its option and upon request, advance on behalf of any insured hereunder, expenses incurred relating to claims, provided that in the event it is finally established that Company has no liability hereunder, such insured shall repay Company, upon demand, all monies advanced by virtue of this provision.

## General Conditions

1. **Reporting Requirements; Assistance and Cooperation of Insured.**

   (a) A claim shall be considered made when the insured has reported it to Company. A claim as defined in paragraph (1) of its definition shall be reported immediately to Company. The insured shall immediately forward to Company every demand, notice, summons or other process the insured or the insured's representative receives. A claim as defined in paragraph (2) of its definition shall be reported as soon as practicable to Company.

   The report shall identify the insured and contain reasonably obtainable information with respect to the time, place, circumstances and extent of the injury, including the names and addresses of the injured and of available witnesses.

   All claims arising from the same medical incident, occurrence, staff privileges incident, wrongful act or employment practice shall be considered as having been made at the time the first claim is made against any insured.

   An event reported by the insured to Company as part of risk management or loss control services shall not be considered a report of a claim.

   (b) The insured and each of its employees shall cooperate with Company and, upon Company's request, assist in investigations, in making settlements, in the conduct of claims, and in enforcing any right of contribution or indemnity against any person or organization that may be liable to the insured because of damages with respect to which insurance is afforded under this policy; and the insured and any of its members, partners, officers, directors, stockholders, and employees that Company deems necessary shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense.

2. **Settlement of Claims.** Company will not settle any claim without the insured's consent. The insured's consent shall not be withheld unreasonably and shall not be withheld solely on the basis of the amount of money to be tendered in an offer of settlement. The insured's consent will be presumed if the insured does not notify Company in writing of its intent to withhold consent within thirty (30) days of receiving notice of Company's intent to settle.

3. **Other Insurance.** Any insurance afforded by this policy for medical professional liability arising from a medical incident is primary insurance. As primary insurance, Company's obligations are not affected unless any other insurance is primary, in which case Company will share with such other insurance by method (a) or (b) below, as applicable.

   The insurance afforded by this policy, other than for medical professional liability arising from a medical incident, shall apply as excess over any other valid and collectible insurance, including any deductible portion of that insurance, any self-insurance, or any other financial mechanism, whether public or private,

established for the purpose of paying awards, judgments or settlements for loss or damages against an insured entitled to participate in such mechanism. As excess insurance, if this insurance and any other insurance are both excess, Company will share with such other insurance by method (a) or (b) below, as applicable.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) **Contribution by Equal Shares.** If all of such other valid and collectible insurance provides for contribution by equal shares, Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid; with respect to any amount of loss not so paid, the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each insurer has paid its limit in full or the full amount of the loss is paid.

(b) **Contribution by Limits.** If any such other insurance does not provide for contribution by equal shares, Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

4. **Extended Reporting Period (Tail) Options.** If any claims-made coverage(s) provided by this policy is (are) canceled or nonrenewed, the **named insured** may purchase, subject to the conditions stated below, an extended reporting period or extended reporting periods, commencing with the effective date of cancellation or nonrenewal, for reporting claims otherwise covered by this policy.

The extended reporting period(s) may be purchased by giving written notice to Company within thirty (30) days of the effective date of cancellation or nonrenewal and by paying to Company promptly, when due, such premium as may be required by Company's rules, rates, and rating plans then in effect.

An extended reporting period does not extend the **policy period** or the scope of coverage provided. Coverage is limited to claims reported to Company during the extended reporting period arising from

(a) **medical incidents, staff privileges incidents, or employment practices** which occur on or after the Initial Effective Date as stated in the Declarations and prior to the end of the **policy period**

or

(b) **wrongful acts** which occur prior to the end of the **policy period.**

The terms "cancellation" or "nonrenewal" shall also include renewal or replacement of any claims-made coverage(s) with coverage(s) that:

(a) has (have) an Initial Effective Date later than the date stated in the Declarations of this policy; or

(b) does (do) not apply on a claims-made basis.

5. **Premium.** All premiums for this policy shall be computed on an annual basis in accordance with Company's current rules, rates, rating plans, premiums, and minimum premiums applicable to the insurance afforded herein. The payment of all premiums due hereunder shall be the responsibility of the named insured.

Premium designated in the Declarations as "Advance Premium" is a deposit premium only which shall be credited toward the amount of the earned premium due upon expiration of this policy or upon termination during the policy period or at the end of each annual policy period. If this policy is subject to audit adjustment and earned premium is determined to be more than advance premium paid, Company shall so notify the named insured and the additional premium shall become due and payable; if less, Company shall return to the named insured the unearned portion, subject to any applicable policy minimum premium.

The named insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to Company at the end of the policy period and at such times during the policy period as Company may direct.

6.  **Inspection and Audit.** Company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule or regulation.

    Company may examine and audit the named insured's books and records at any time during the policy period and extensions thereof, and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

7.  **Declarations and Applications.** By acceptance of this policy, the named insured agrees that the statements in the Declarations and Application, and in any subsequent notice relating to this insurance, are its agreements and representations, that this policy is issued and continued in reliance upon the truth of such representations and that this policy embodies all agreements existing between the named insured and Company or any of its agents relating to this insurance.

8.  **Sole Agent.** The named insured shall act on behalf of all insureds with respect to giving and receiving notice of termination or any other notice provided for under this policy, accepting any endorsement issued to form a part of this policy, payment of premium due, and receiving return premium, if any, and is charged with the responsibility of notifying Company and all insureds of any changes which might affect the insurance provided by this policy.

9.  **Participating Provision.** The named insured shall participate in earnings of Company to the extent and upon the conditions determined by Company's Board of Directors in accordance with the law and made applicable to this policy, provided no dividend shall be payable hereunder unless the named insured has complied with the terms of this policy with respect to payment of premium.

10. **Changes.** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or stop Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by written endorsement issued to form a part of this policy.

11. **Assignment.** The interest hereunder of any insured is not assignable. If any insured shall die or be adjudged incompetent, the coverage shall thereupon terminate for such insured but such insurance as is afforded by this policy shall cover such insured's legal representative(s) as the insured with respect to liability previously incurred and covered by this policy.

12. **Bankruptcy or Insolvency.** The bankruptcy or insolvency of the named insured or of any insured, or the insolvency of the insured's estate, shall not of itself relieve Company of any of its obligations under this policy.

13. **Subrogation.** In the event of any payment under this policy, Company shall be subrogated to all the insured's rights of recovery therefor against any person or organization, other than the United States of America, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

14. **Action Against Company.** No action shall lie against Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and Company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.

   No person or organization shall have any right under this policy to join Company as a party to any action against the insured to determine the insured's liability nor shall Company be impleaded by the insured or his legal representative.

15. **Cancellation and Nonrenewal.** This policy may be canceled or nonrenewed only in accordance with the terms of the cancellation and nonrenewal endorsement(s) issued to form a part of this policy.

16. **Policy Construction.** This policy is a contract between the policyholder and Company and shall be construed in accordance with the law of the jurisdiction in which it was issued for delivery.

## General Definitions

**"Aircraft"** means any heavier-than-air aircraft designed to transport persons or property.

**"Automobile"** means a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto) but does not include mobile equipment.

**"Bodily injury"** means injury to the human body, illness or disease sustained by an person, including death at any time resulting therefrom.

**"Claim"** is defined in each specific coverage part.

**"Directors, officers and trustees"** means all persons who were, now are or shall be members of the governing body of the named insured, except as excluded by schedule attached to this policy, and shall include the chief executive officer of the named insured.

**"Employee"** means a person (i) employed by the named insured for wages or salary, or (ii) who is a current or former member of the named insured's Board of Directors. Employee does not include any independent contractor, any leased worker or any temporary worker.

"Employment practices" means any of the following practices directed against any of the named insured's employees, leased workers, temporary workers, former employees or any applicant for employment by the named insured:

(1)    Wrongful refusal to employ a qualified applicant for employment;

(2)    Wrongful failure to promote a qualified employee;

(3)    Wrongful demotion, negligent evaluation, negligent reassignment or wrongful discipline;

(4)    Wrongful termination;

(5)    Harassment, coercion, discrimination, or humiliation as a consequence of race, color, creed, national origin, marital status, medical condition, gender, age, physical appearance, physical and/or mental impairments, pregnancy, sexual orientation, or sexual preference;

(6)    Oral or written publication of material that slanders, defames, libels, or violates or invades the privacy of an employee, leased worker, temporary employee, former employee, or applicant for employment by the named insured; or

(7)    Wrongful denial of staff privileges.

"Insured" means any person or organization qualifying as an insured as to each specific coverage part under the Persons Insured provisions of that coverage part.

"Insured's products" means goods or products manufactured, sold, handled or distributed by an insured or by others trading under its name, including any container thereof (other than a vehicle), but insured's products shall not include a vending machine or any property other than such container, rented to or located for use of others, but not sold.

"Leased worker" means a person leased to the named insured by a labor leasing firm under an agreement between the named insured and the labor leasing firm to perform duties related to the conduct of the named insured's business. Leased worker does not include a temporary worker.

"Loading or unloading" means the handling of property after it is moved from the place where it is accepted for movement into or onto an automobile, aircraft or watercraft while it is in or on an automobile, aircraft or watercraft, or while it is being moved from an automobile, aircraft or watercraft to the place where it is finally delivered, but loading or unloading does not include movement of property by means of a mechanical device (other than a hand truck) that is not attached to the automobile, aircraft or watercraft.

"Medical incident" means any act or omission:

(1)    in the furnishing of any professional health care service immediately incident to the care of patients including, but not limited to, the furnishing of food, beverages, medications or appliances in connection with such services and the post-mortem handling of human bodies by the insured, any employee of the insured, or any person acting under the personal direction, control or supervision of the insured; or

(2)    in the teaching of skills relative to, or academic instruction relative to the delivery of, medical, surgical, psychiatric, nursing or similar professional services, by the insured, while acting within the scope of such teaching duties.

Any such act or omission, together with all related acts or omissions in the furnishing of such services to any one person, shall be considered one medical incident.

1000A (12/98)

"**Mobile equipment**" means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration; (2) maintained for use exclusively on premises owned by or rented to the Insured, including the ways immediately adjoining; (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than mix-in-transit types); graders, scrapers, rollers and other road construction repair equipment; air compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well-servicing equipment.

"**Named insured**" means the person or organization designated as the "Named Insured" in the Declarations.

"**Occurrence**" means:
   (1)   an accident (including continuous or repeated exposure to substantially the same general conditions or the happening of any of the offenses described in the definition of personal injury) which results in **personal injury** or **property damage** neither expected nor intended from the standpoint of the insured;
   (2)   an assault, battery, or assault and battery, not committed by or at the direction of the insured which results in bodily injury or **property damage**; or
   (3)   any action taken by the insured in good faith in an emergency for the purpose of preventing injury or damage to the person or property of the insured or others, which results in **bodily injury** or **property damage**.

"**Personal injury**" means **bodily injury**; or injury arising from one or more of the following offenses committed in the conduct of the **insured's** business:
   (1)   false arrest, detention or imprisonment, or malicious prosecution;
   (2)   oral or written publication of material that libels; slanders; defames; infringes upon or misappropriates a copyright, trademark, service mark or trade name, title or slogan; misappropriates an idea; or constitutes an invasion of the right of privacy;
   (3)   wrongful entry or eviction, or other invasion of the right of private occupancy.

"**Property damage**" means (1) physical injury to tangible property, including loss of use thereof at any time resulting therefrom; or (2) loss of use of tangible property, other than an insured's products, which is not physically damaged

"**Policy period**" means the "Policy Period" stated in the Declarations.

"**Staff privileges incident**" means any act or omission arising from service by any insured as a member of an accreditation or credentialing committee or hearing panel while such insured is acting within the scope of his duties as such. Such acts or omissions shall include, but not be limited to, an improper or unlawful denial or restriction of a claimant's staff privileges or a wrongful failure to act upon an application or request for such privileges.

"**Temporary worker**" means a person who is furnished to the named insured to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions.

"**Wrongful act**" means any actual or alleged error or misstatement or misleading statement or act or omission or neglect or breach of duty by **directors, officers and trustees** in the discharge of their duties, individually or collectively, or by any person acting on their behalf, or any matter claimed against them solely by reason of their being **directors, officers and trustees** of the named **Insured.** Such duties or matters shall not include those which relate to any accreditation or credentialing committee or hearing panel of the named **insured**.

## General Exclusions

This policy does not apply:

(a) to any **claim** arising from the performance of any dishonest, fraudulent, criminal or malicious act, or omission, by or with the knowledge or consent of, or at the direction of, the **insured**;

(b) to any obligation for which the **insured** or its insurer, or self-insurance plan or fund, may be held liable under any workers compensation, unemployment compensation or disability benefits law or under any similar law;

(c) to any liability for civil or criminal fines or penalties, double or treble damages, or any multiple of compensatory damages;

(d) to any **claim** arising from war, whether or not declared, civil war, insurrection, rebellion or revolution, terrorism or any act or condition incident to any of the foregoing;

(e) to any **claim** alleging:

(1) anti-trust violations, the monopolization of, or the unlawful restraint of, trade, business or profession, or conspiracy to damage another in trade or business, including but not limited to, any such **claim** involving the improper or unlawful denial or restriction of staff privileges or the **insured's** failure to act upon any application for such privileges;

(2) harassment, coercion, discrimination, or humiliation as a consequence of race, color, creed, national origin, marital status, medical condition, gender, age, physical appearance, physical and/or mental impairments, pregnancy, sexual orientation or sexual preference;

(3) violation of the Securities Act of 1933, as amended, the Securities Act of 1934, as amended, any state Blue Sky or securities law or similar state or federal statute, or any regulation or order pursuant to such statutes;

(4) violation of the Racketeer Influenced and Corrupt Organization Act, any amendments of the Act or any rules or regulations pursuant to the Act or similar state statutes, amendments or regulations;

(5) violation of the Employee Retirement Income Security Act of 1974, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 and any subsequent amendments or related local, state or federal statutory law or common law;

(6) violation of laws prohibiting deceptive or unfair trade or business practices or unfair competition;

(7) violation of any other federal, state or local law, regulation or ordinance;

(f)   to any **claim** arising from the acts of another for which the **insured** has assumed responsibility under any contract or agreement, whether written or oral, other than any written contract provision under which the **named insured** agrees to hold a third party harmless for claims arising from the conduct of an **insured** under this policy for an event for which coverage is otherwise provided under this policy;

(g)   to any **claim** arising from the process of formation, performance or breach of an actual or alleged contract or agreement, whether written or oral;

(h)   to any **claim** against an **insured:**

   (1)   for which the **insured is** entitled to indemnity and/or payment by reason of having given notice of any circumstance which might give rise to a claim under any other policy or policies;

   (2)   arising from any pending or prior litigation or other proceeding as of the inception date of this policy, as well as all **claims** or litigation based upon the pending or prior litigation or derived from the same, or essentially the same, facts (actual or alleged) that gave rise to the prior or pending litigation or proceeding; or

   (3)   arising from a demand, summons or other notice received by the **insured** prior to the effective date of this policy;

(i)   to any **claim** arising from the failure to effect and maintain insurance including policies, bonds or self-insurance;

(j)   to any **claim** arising from the ownership, maintenance, operation, use, **loading or unloading** of:

   (1)   any **automobile or aircraft** owned or operated by, or rented or loaned to, any **insured,** or

   (2)   any other **automobile** or **aircraft** operated by any person in the course of his employment by the **insured;**

   except that this exclusion does not apply to **claims** involving an **automobile** not owned by, or rented to or loaned to, any **insured** when such **automobile** is being parked upon premises owned by, rented to or controlled by the **named insured** or the ways immediately adjoining such premises, or a rotor-wing **aircraft** not owned in whole or in part by, or leased under any lease agreement or lease option purchase agreement by, any **insured.** Any contract or agreement for rotor-wing **aircraft** services entered into by the **named insured** shall not be considered either a lease or lease agreement;

(k)   to any **claim** against any **insured** as the perpetrator of sexual conduct including, but not limited to, sexual abuse, deviate sexual behavior, sexual assault or child molestation, except that, Company will provide a defense unless, and until such time as, a judgment or other final adjudication thereof adverse to the **insured** shall establish the **insured** as the perpetrator;

(l)   to **bodily injury,** including damages for care and loss of services,

   (1)   to any **employee** of an **insured** arising from and in the course of his employment by such **insured** for which such **insured** may be held liable as an employer or in any other capacity, or

   (2)   sustained by the spouse, child, parent, brother or sister of any **employee** of an **insured** as a consequence of **bodily injury** to such **employee** arising from and in the course of employment by such **insured,** and to any obligation of an **insured** to indemnify or contribute with another because of damages arising from such **bodily injury;** however, this exclusion does not apply to liability for the acts of another assumed by an **insured** under an **incidental contract;**

(m)   to any **claim** arising from **employment practices;**

(n) to any claim arising from the administration or maintenance of any employee benefits program, plan or trust, including, but not limited to, a claim for any benefit payable pursuant thereto.

# Physician and Surgeon Professional Liability Coverage Part (PL)
### *This is a Claims-Made Coverage*

## I. Insuring Agreement

Company, in consideration of the payment of the premium, in reliance upon the statements in the Declarations and Application made a part hereof and subject to all the terms of this policy, agrees with the named insured to pay on behalf of the insured all sums which the insured shall be legally obligated to pay as damages because of

    (a)  bodily injury or property damage to which this insurance applies caused by a medical incident; or

    (b)  a staff privileges incident to which this insurance applies; and

which occurs on or after the Initial Effective Date stated in the Declarations, and for which claim is reported to Company during the policy period, arising from the practice of the insured's profession as a physician.

A **medical incident** is any act or omission:

    (1)  In the furnishing of any professional health care service immediately incident to the care of patients including, but not limited to, the furnishing of food, beverages, medications or appliances in connection with such services and the postmortem handling of human bodies by the insured, any employee of the insured, or any person acting under the personal direction, control or supervision of the insured; or

    (2)  in the teaching of skills relative to, or academic instruction relative to the delivery of, medical, surgical, psychiatric, nursing or similar professional services, by the insured, while acting within the scope of such teaching duties.

Any act or omission, together with all related acts or omissions in the furnishing of such services to any one person, shall be considered one **medical incident**.

A **staff privileges incident** is any act or omission arising from service by any insured as a member of an accreditation or credentialing committee or hearing panel while such insured is acting within the scope of his duties as such. Such acts or omissions shall include, but not be limited to, an improper or unlawful denial or restriction of a claimant's staff privileges or a wrongful failure to act upon an application or request for such privileges.

Coverage is afforded under this coverage part for **medical incidents** or **staff privileges incidents** occurring anywhere in the world provided the original suit for damages is brought within the United States of America, its territories or possessions, Puerto Rico, or Canada.

## II. Definitions

The definitions stated in the General Provisions shall apply to this coverage part. When used in this coverage part (including endorsements forming a part hereof):

"Claim" means:

    (1)  an express demand for damages arising from a medical incident or a staff privileges incident to which this insurance applies; an express demand for damages shall be deemed to include a civil action in which damages to which this insurance applies are alleged and an arbitration proceeding to which the insured is required to submit by statute or court rule or to which the insured has submitted with Company's consent; or

    (2)  an act or omission which the insured reasonably believes will result in an express demand for damages to which this insurance applies.

A report of a claim to Company must comply with the requirements of Condition 1 of the General Provisions.

06/11/2004 11:06 787 775 9835 Case 3:97-cv-01703-JAG Document 272-6 ASOC. DE GARANTIAS Filed 04/05/2005 Page 19 of 30 PAGE 04

☑020

06/11/2004 07:24 FAX

"Physician" means any individual who is licensed or approved by a state, the District of Columbia, or other competent legal authority within the United States, a territory or possession of the United States, Puerto Rico, or Canada to provide health care or professional medical services as a physician or surgeon, osteopathic physician or surgeon, or podiatrist.

## III. Persons Insured

Any physician for whom such coverage is afforded by this coverage part as indicated in the Declarations is an insured.

## IV. Limits of Liability

Regardless of the number of insureds under this coverage part or the number of claims made, Company's liability is limited as follows:

Company's total liability for all damages because of all medical incidents or staff privileges incidents to which this coverage part applies shall not exceed the amount stated in the Declarations as the "aggregate" limit of liability.

Subject to the above provision with respect to "aggregate", Company's total liability for all damages because of one medical incident or staff privileges incident shall not exceed the amount stated in the Declarations as the "each incident" limit of liability.

Such limits of liability shall apply separately to each insured.

A claim may fall under only one coverage of this policy. The limits of liability of that coverage and only that coverage shall be the applicable limits.

## V. Exclusions

The exclusions stated in the General Provisions, as amended below, apply to this coverage part.

Exclusion (m) is amended to read:

(m) to any claim arising from employment practices other than a wrongful denial of staff privileges.

This coverage part also does not apply:

(a) to bodily injury or property damage arising from the rendering of or failure to render professional health care services by any other person for whose acts or omissions the insured may be held liable as a member, partner, officer, director or stockholder of any professional corporation, association or partnership.

## VI. Amendments to General Provisions

The conditions stated in the General Provisions, as amended below, apply to this coverage part.
The first paragraph of Condition 4, Extended Reporting Period (Tail) Options, is amended to read:
If this coverage is canceled or nonrenewed, the named insured may purchase, subject to the condition stated below, an extended reporting period of unlimited duration, commencing with the effective date of cancellation or nonrenewal, for reporting claims otherwise covered by this policy.

1011 (12/98)

## PHICO Insurance Company
One PHICO Drive P.O. Box 85 Mechanicsburg, PA 17055-0085 (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**
MARIA P CASILDO
G BECGUER 2021
EL SENORIAL
RIO PIEDRAS          PR 00926-0000

**Producer Name and Address:**
BARROS & CARRION INC
PO BOX 191229
SAN JUAN          PR 00919-1229
See form 2000 for Managing General Agent

**Endorsement Number:**

**Policy Number:** HCL    18370

**Endorsement Effective Date:** 07/13/1999

**Policy Period: From** 07/13/1999 **To** 07/13/2000

12:01 a.m., standard time at the address of the named insured

## CONDITIONS FOR WAIVER OR REFUND OF EXTENDED REPORTING (TAIL) PREMIUM

The terms of the policy with respect to extended reporting period (tail) options are amended to add the following provisions. The term "insured physician" as used in this endorsement means any physician insured under PL Coverage.

If the insured physician dies during the policy period, an extended reporting period shall be provided and the premium for such period shall be waived.

If (a) the insured physician becomes disabled during the policy period and the disability prevents such insured from performing all the duties of his regular occupational specialty as a physician and (b) such disability is certified as permanent six (6) months from the initial date of such disability by an independent physician whose selection is mutually agreed upon by such insured and Company, any extended reporting period premium paid for such insured shall be refunded to the named insured.

If an extended reporting period is elected for the insured physician in accordance with policy terms as provided in General Provisions, Condition 4, Extended Reporting Period (Tail) Options, and such insured is at least age fifty-five (55) at the time of such election and has been continuously insured with Company for at least forty-eight (48) months immediately preceding such election, the premium for such period shall be waived.

Waiver or refund of extended reporting period premium shall be effective only once for the insured, regardless of the number of causes or conditions by which an insured would otherwise qualify for such waiver or refund.

The waiver or refund of premium provisions of this endorsement shall not produce any cash values.

AUTHORIZED COMPANY REPRESENTATIVE

3119B (05/95)

## PHICO Insurance Company

One PHICO Drive P.O. Box 85 Mechanicsburg, PA 17055-0085 (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

Named Insured and Address:
MARIA P CASADO
G BECGUER 2021
EL SENORIAL
RIO PIEDRAS           PR 00926-0000

Producer Name and Address:
BARROS & CARRION INC
PO BOX 191229
SAN JUAN           PR 00919-1229
See form 2000 for Managing General Agent

Endorsement Number:

Policy Number: HCL    18370

Endorsement Effective Date: 07/13/1999          Policy Period: From 07/13/1999 To 07/13/2000
_____12:01 a.m., standard time at the address of the named insured_____

## CANCELLATION AND NONRENEWAL--PUERTO RICO

General Provisions, Condition 15, Cancellation and Nonrenewal, is amended to add:

### CANCELLATION BY THE NAMED INSURED

This policy (or coverage afforded any insured by this policy) may be canceled by the named insured by written notice to Company, stating when such cancellation shall be effective.

### CANCELLATION OF POLICIES IN EFFECT LESS THAN 60 DAYS

If this policy has been in effect for less than 60 days and is not a nonrenewal of a policy issued by Company, it may be canceled by Company by mailing to the named insured at the last address informed in writing by the insured or the address shown in the policy, written notice of cancellation stating the reason(s) for cancellation and the effective date and time thereof:

   (a)     at least 10 days prior to the effective date of cancellation if the named insured has:

      (i)     failed to pay a premium when due, whether the premium is payable directly or indirectly to Company or its agents or indirectly under a premium finance plan or extension of credit; or

      (ii)     made a material misrepresentation which affects the insurability of the risk;

   (b)     at least 15 days prior to the effective date of cancellation if Company cancels for any other reason.

The mailing of notice by regular mail shall be sufficient proof of notice.

### CANCELLATION OF POLICIES IN EFFECT FOR 60 DAYS OR MORE

If this policy has been in effect for 60 days or more, or if this policy is a renewal of a policy issued by Company, it (or coverage afforded any insured by this policy) may be canceled by Company only for one or more of the following reasons:

   (a)     the named insured has failed to pay a premium when due, whether the premium is payable directly or indirectly to Company or its agents or indirectly under a premium finance plan or extension of credit;

3153A (01/97)

Page 1 of 3

06/11/2004 11:02   787-775-0835   ASOC. DE GARANTIAS   PAGE   01

☒023

06/11/2004 07:25 FAX

(b)     suspension or revocation of the named insured's (or an insured's) license or approval to provide professional health care services;

(c)     acts or omissions by the insured or his representative constituting fraud or material misrepresentation in obtaining the policy or in presenting a claim under the policy;

(d)     material failure to comply with policy terms, conditions or contractual duties;

(e)     acts or omissions of the insured or his representative which materially increase the hazard insured against;

(f)     failure of the insured to correct violations of safety codes or to comply with reasonable written loss control recommendations that materially affect the insurability of the risk written by Company;

(g)     loss of reinsurance applicable to the risk insured against;

(h)     a determination by the Commissioner of Insurance that the continuation of the policy could place Company in violation of the insurance laws of Puerto Rico or would jeopardize Company's solvency;

(i)     any other reason(s) approved by the Commissioner of Insurance;

(j)     the named insured has requested cancellation.

If Company intends to cancel this policy based on reason:

(a)     (a) immediately above, Company will mail to the named insured written notice of cancellation, at least 15 days prior to the effective date of cancellation;

(b)     (b) immediately above, written notice of cancellation is required and coverage shall be terminated on the effective date of such suspension or revocation.

(c)     (c) through (i) immediately above, Company will mail to the named insured written notice of cancellation at least 60 days prior to the effective date of cancellation;

(d)     (j) immediately above, no written notice of cancellation is required and coverage shall be terminated on the date requested by the named insured.

The mailing of notice by regular mail shall be sufficient proof of notice. Such notice shall be mailed to the named insured at the last address informed in writing by the insured or the address shown in the policy, and shall state the reason(s) for cancellation and the effective date and time thereof.

## CANCELLATION--GENERAL PROVISIONS

The coverage afforded by this policy to any insured (other than the named insured) shall terminate upon the termination of the policy or upon the termination of that insured's employment, contract or association with the named insured which formed the basis for such coverage, if that occurs prior to the termination date of the policy.

If Company cancels this policy, return premium will be pro rata unearned premium. If the named insured requests that this policy be cancelled, return premium may be less than pro rata unearned premium. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

For purposes of this condition, cancellation shall not, unless otherwise provided for by the statutes of the jurisdiction in which the named insured is located, include nonrenewal.

## NONRENEWAL OF POLICY

If Company elects not to renew this policy, it shall mail to the named insured at the last address informed in writing by the insured or the address shown in the policy, written notice of its intention not to renew stating the reason(s) for such nonrenewal at least 60 days prior to the effective date of termination. This provision shall not apply:

06/11/2004 07:25 FAX ☑024

(a) If Company has manifested its willingness to renew to the named insured or his representative; or

(b) if the named insured has failed to pay a premium when due, whether the premium is payable directly or indirectly to Company or its agents or indirectly under a premium finance plan or extension of credit; or

(c) if the named insured fails to pay any advance premium required by Company for renewal; or

(d) if the named insured has notified Company in writing that another insurance policy has been issued as a replacement policy.

The mailing of notice by regular mail shall be sufficient proof of notice.

The above cancellation and nonrenewal provisions shall not apply to an extended reporting period, if any.

AUTHORIZED COMPANY REPRESENTATIVE

3153A (01/97)

## PHICO Insurance Company

One PHICO Drive P.O. Box 85  Mechanicsburg, PA 17055-0085  (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

| Named Insured and Address: | Producer Name and Address: |
|---|---|
| MARIA P CASADO | BARROS & CARRION INC |
| G BECGUER 2021 | PO BOX 191229 |
| EL SENORIAL | SAN JUAN           PR 00919-1229 |
| RIO PIEDRAS           PR 00926-0000 | See form 2000 for Managing General Agent |

**Endorsement Number:**

**Policy Number:** HCL    18370

**Endorsement Effective Date:** 07/13/1999

**Policy Period: From** 07/13/1999 **To** 07/13/2000
_____12:01 a.m., standard time at the address of the named insured_____

## GOVERNMENT ACCESS TO RECORDS

This policy is amended by the provisions of this endorsement to comply with the requirements of Section 952 of the Omnibus Reconciliation Act of 1980.  Upon written request, Company will permit the Secretary of Health and Human Services and the Comptroller General to have access to this policy and necessary books, documents and records to verify the cost of the policy, to the extent required by law.  Such persons will also be permitted to have access to subcontracts between Company and any of its related organizations and to its books, documents and records.  Such access will be permitted for up to four years after the expiration date of this policy.

3200 (12/95)

AUTHORIZED COMPANY REPRESENTATIVE

06/11/2004 11:02  787-775-0835          ASOC. DE GARANTIAS                    PAGE   04

06/11/2004 07:26 FAX                                                          ☑026

## PHICO Insurance Company
One PHICO Drive P.O, Box 85  Mechanicsburg, PA 17055-0085  (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**
MARIA P CASADO
G BECGUER 2021
EL SENORIAL
RIO PIEDRAS         PR 00926-0000

**Producer Name and Address:**
BARROS & CARRION INC
PO BOX 191229
SAN JUAN           PR 00919-1229
See form 2000 for Managing General Agent

**Endorsement Number:** 0001

**Policy Number:** HCL   18370

**Endorsement Effective Date:** 07/13/1999

**Policy Period: From** 07/13/1999 **To** 07/13/2000
_____12:01 a.m., standard time at the address of the named insured_____

## SCHEDULE OF PHYSICIANS

| Name/Specialty | License/ Class Code | Initial Effective Date | Premium |
|---|---|---|---|
| CASADO, MARIA P PEDIATRICS - MS | 9711 1053-24 | 07/13/1995 | 2,132 |

AUTHORIZED COMPANY REPRESENTATIVE

3005A (06/95)

06/11/2004 07:28 FAX @027

# PHICO Insurance Company
One PHICO Drive P.O. Box 85 Mechanicsburg, PA 17055-0085 (800) 382-1376

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**
MARIA P CASADO
G BECQUER 2021
EL SENORIAL
RIO PIEDRAS          PR 00926-0000

**Producer Name and Address:**
BARROS & CARRION INC
PO BOX 191229
SAN JUAN          PR 00919-1229
See form 2000 for Managing General Agent

**Endorsement Number:** 0002

**Policy Number:** HCL    18370

**Endorsement Effective Date:** 02/15/2000

**Policy Period: From** 07/13/1999 **To** 07/13/2000

12:01 a.m., standard time at the address of the named insured

In consideration of return premium of $        864,
PL Coverage is deleted from the policy.

**Issued Date:**    03/06/2000

_____
AUTHORIZED COMPANY REPRESENTATIVE

3000 (12/96)

06/11/2004 11:02   787-775-8835                  ASOC. DE GARANTIAS                    PAGE  06

06/11/2004 07:26 FAX                                                          ☑028

## PHICO Insurance Company
One PHICO Drive P.O. Box 85  Mechanicsburg, PA 17055-0085  (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**
MARIA P CASADO
G BECGUER #021
EL SENORIAL
RIO PIEDRAS          PR 00926-0000

**Producer Name and Address:**
BARROS & CARRION INC
PO BOX 191229
SAN JUAN              PR 00919-1229
See form 2000 for Managing General Agent

**Endorsement Number:** 0003

**Policy Number:** HCL    18370

**Endorsement Effective Date:** 02/15/2000

**Policy Period:  From** 07/13/1999 **To** 07/13/2000

_____ 12:01 a.m., standard time at the address of the named insured _____

In consideration of additional premium of $      1,501,
PL Coverage is added to the policy for the following limits of
Liability:
            Each Incident: $ 1,000,000
               Aggregate: $ 3,000,000


Initial Effective Date: 07/13/1995

**Issued Date:**   03/06/2000

AUTHORIZED COMPANY REPRESENTATIVE

3000 (12/96)

## PHICO Insurance Company

One PHICO Drive P.O. Box 85  Mechanicsburg, PA 17055-0085  (800) 362-1378

This endorsement form is a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**              **Producer Name and Address:**

MARIA P CANADO                               BARROS & CARRION INC
G BECGUER 2021                               PO BOX 191229
EL SENORIAL,                                 SAN JUAN          PR 00919-1229
RIO PIEDRAS        PR 00926-0000             See form 2000 for Managing General Agent

**Endorsement Number:** 0004                 **Policy Number:** HCL    18370

**Endorsement Effective Date:** 02/15/2000   **Policy Period:  From** 07/13/1999 **To** 07/13/2000
_____12:01 a.m., standard time at the address of the named insured_____

     In consideration of charged premium, any claims arising out of physicians
     exposure with Pediatrix, Inc. will be excluded.

**Issued Date:**     03/06/2000                           _____
                                                          AUTHORIZED COMPANY REPRESENTATIVE

2000 (12/96)

## PHICO Insurance Company

One PHICO Drive P.O. Box 85  Mechanicsburg, PA 17055-0085  (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.  All policy provisions and conditions not amended herein remain unchanged.  (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

| Named Insured and Address: | Producer Name and Address: |
|---|---|
| MARIA P CASADO | BARROS & CARRION INC |
| G BECGUER 2021 | PO BOX 191229 |
| EL SENORIAL | SAN JUAN                    PR 00919-1229 |
| RIO PIEDRAS          PR 00926-0000 | See form 2000 for Managing General Agent |

Endorsement Number: 0005                        Policy Number: HCL     18370

Endorsement Effective Date:  02/15/2000          Policy Period:  From 07/13/1999 To 07/13/2000
_____12:01 a.m., standard time at the address of the named insured_____

In consideration of return premium of $        1,501,
PL Coverage is deleted from the policy.

Issued Date:    07/13/2000                       AUTHORIZED COMPANY REPRESENTATIVE

3000 (12/96)

06/11/2004 07:27 FAX

@031

## PHICO Insurance Company

One PHICO Drive P.O. Box 85 Mechanicsburg, PA 17055-0085 (800) 382-1378

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein. All policy provisions and conditions not amended herein remain unchanged. (The information in the heading of this endorsement is required only when the endorsement is issued subsequent to policy.)

**Named Insured and Address:**
MARIA P CASADO
G BECGUER #021
EL SENORIAL
RIO PIEDRAS          PR 00926-0000

**Producer Name and Address:**
BARROS & CARRION INC
PO BOX 191229
SAN JUAN          PR 00919-1229
See form 2000 for Managing General Agent

**Endorsement Number:** 0006

**Policy Number:** HCL   18370

**Endorsement Effective Date:** 02/15/2000

**Policy Period: From** 07/13/1999 **To** 07/13/2000
_____12:01 a.m., standard time at the address of the named insured_____

In consideration of additional premium of $      864,
PL Coverage is added to the policy for the following limits of
Liability:

          Each Incident: $   250,000
             Aggregate: $   500,000

Initial Effective Date: 07/13/1995

**Issued Date:**   07/13/2000

_____
AUTHORIZED COMPANY REPRESENTATIVE

3000 (12/96)